UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BENSON GITHIEYA, | : | |
| Plaintiff, | : | Civil Action File No.: |
| vs. | : | _____ |
| GLOBAL TEL*LINK CORPORATION, | : | JURY TRIAL DEMANDED |
| Defendant. | : | CLASS ACTION |

## CLASS ACTION COMPLAINT

This is a proposed Class Action Complaint ("Complaint") brought by Plaintiff Benson Githieya ("Plaintiff"), on behalf of himself and all other persons who have or had an Inmate Calling Services account with Defendant Global Tel*Link Corporation ("GTL") and, in connection therewith, had their account balances reduced to $0.00 by GTL after said customers had not received an inmate call for a period of ninety (90) days. Plaintiff alleges that GTL unjustly enriches itself and defrauds its customers by defining accounts as "inactive" and taking for

itself all unused funds in said account after a short period of inactivity and without reasonable notice to its customers.

Plaintiff seeks to enjoin this practice by GTL and to recover all damages, and treble damages under the federal RICO statute, due to the improper and inequitable financial benefit received by GTL and/or its affiliates as a result of this anti-consumer and fraudulent practice, in addition to attorney's fees and costs.

## PARTIES

1. Plaintiff Benson Githieya is a resident of DeKalb County, Georgia. On or about the date of March 12, 2014, Plaintiff opened, created, and funded an account with GTL's Inmate Calling Services.

2. Plaintiff is a licensed attorney in the state of Georgia. Plaintiff practices criminal defense law in metropolitan Atlanta. Plaintiff also had family incarcerated in a GTL-contracted facility until April 1, 2015. Plaintiff has a regular need to communicate with inmates.

3. GTL is owned by the private equity firm American Securities LLC and operates through wholly owned subsidiaries to provide inmate telephone services throughout the United States.

4. Defendant GTL is a Delaware corporation with its primary place of business in the state of Virginia.

5. GTL and its subsidiaries serve over 2,200 correctional facilities and 1.1 million inmates in forty-eight (48) states.

6. GTL is an enterprise engaged in interstate commerce.

7. GTL is authorized to do business in Georgia.

8. GTL conducts substantial business in Georgia.

9. GTL may be served with process by personal service upon its registered agent, to-wit: Incorp Services, Inc., 2000 Riveredge Parkway N.W., Suite 885, Atlanta, Georgia 30328.

## Jurisdiction And Venue

10. The Court has original jurisdiction of this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d)(2) and (6). The amount in controversy exceeds $5,000,000, exclusive of interests and costs, there are more than one hundred (100) members of the Class, and Plaintiff and Defendant are citizens of different states.

11. This Court also has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331.

12. This Court has subject matter jurisdiction over Plaintiff's federal RICO claim pursuant to 18 U.S.C. §1964 (c).

13. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367.

14. This Court has personal jurisdiction over the Plaintiff, who submits himself to the jurisdiction of this Court.

15. This Court has personal jurisdiction over GTL, which is a foreign corporation who does substantial business in the state of Georgia.

16. Venue is proper in this Court, the United States District for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §1391(b) and 18 U.S.C. §1965, because Defendants regularly conduct business in this district and/or a substantial part of the events giving rise to the claims occurred in this district.

**Facts**

17. On or about the date of March 12, 2014, Plaintiff opened, created, and funded an account with GTL's Inmate Calling Services.

18. Plaintiff paid monies to Defendant in consideration of Defendant's promise to provide him with a certain number of hours of inmate calling services in exchange for said money.

19. Plaintiff completed his business dealing with Defendant via Defendant's automated telephone system.

20. From March 12, 2014 through June 10, 2014, Plaintiff was not contacted by any inmates housed in a facility using GTL's Inmate Calling Services.

21. On June 10, 2014, GTL classified Plaintiff's account as "inactive."

22. On or about June 10, 2014, Defendant removed all funds from Plaintiff's GTL account and converted said funds to its own use.

23. After Defendant removed funds from Plaintiff's account, Plaintiff's account balance was $0.00.

24. At all times relevant to this Complaint, Defendant has had a course of conduct and business policy of removing funds from its customers' accounts after said customer has not received an inmate call for a period of ninety (90) days.

25. GTL removes funds from customer's accounts and converts said funds to its own use when GTL, in its sole discretion, defines said accounts as "inactive."

26. Defendant did not inform Plaintiff of this course of conduct when entering this contract.

27. Defendant did not inform Plaintiff when it reduced his account balance to zero and converted his funds to its own use.

28. While Defendant purports to have a "contract" published on its website, to which consumers are referred by the automated telephone system, said "contract" contains no notice that the consumer's funds will be reduced to zero after any period of inactivity.

29. Plaintiff alleges this company policy has been in place since at least 2008.

30. Plaintiff alleges that GTL has acted with the intention to defraud its customers by converting customers' funds to its own use, without providing notice that it will do so in its purported "contract," and without otherwise providing reasonable notice.

31. Plaintiff alleges GTL's company policy is a pattern of racketeering activity as defined by 18 U.S.C. §1961.

32. GTL is an enterprise as defined by 18 U.S.C. §1961.

33. GTL's company policy is a nation-wide policy.

34. GTL currently provides inmate calling service in forty-eight (48) states.

## Class Action Allegations

35. Plaintiff brings this action against GTL pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other persons

similarly situated. In connection with this action, Plaintiff seeks to represent the following class:

> All persons nationwide who are or were account holders with GTL, whose accounts had a balance in excess of $0.00, and whose account balances were reduced to $0.00 by GTL when classified as inactive, within the applicable statute of limitations.

36. Plaintiff reserves the right to modify or amend the definitions of the proposed class before the Court determines whether class certification is appropriate.

37. Upon information and belief, the Class is composed of thousands of individuals and is so numerous that joinder of all Class members would be impracticable.

38. Each Class member has had their account balances reduced to zero after GTL deemed their account "inactive" after a period of ninety (90) days, and thus common questions of fact exist as to each Class member.

39. Plaintiff's claims are typical of the claims of other Class members.

40. Plaintiff will fairly and adequately represent the interests of the absent Class members. Plaintiff has no claims antagonistic to those of the Class. Plaintiff is a responsible and gainfully employed person.

41. Plaintiff's attorneys are experienced in the prosecution of class action and complex litigation and in the representation of the interests of incarcerated persons.

42. There are questions of law and fact common to each of the Class members, the answers to which will advance the resolution of the claims of all of the Class members, without limitation:

    a. Whether Defendant breached an implied covenant of good faith and fair dealing in Plaintiff's and members of the Class' contracts;

    b. Whether Defendant breached the terms of Plaintiff's and members of the Class' contracts;

    c. Whether Defendant has been unjustly enriched;

    d. Whether Defendant's business practices alleged herein are deceptive acts or practices;

    e. Whether Defendant is liable to Plaintiff and the Class for damages and, if so, the measure of such damages; and

    f. Whether Plaintiff and the Class are entitled to declaratory, injunctive, and other equitable relief.

43. These and other questions of law and fact are common to the Class and predominate over any questions affecting only individual members of the Class.

44. Certification is appropriate under Rule 23(b)(1) of the Federal Rules of Civil Procedure because there is a risk that the prosecution of separate actions would establish incompatible standards of conduct for the Defendant.

45. Certification is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because there are common issues of law or fact that predominate over issues affecting individual Class members and, in addition, a class action is superior to other available methods for the fair and efficient adjudication of the instant controversy.

## COUNT I

### VIOLATIONS OF THE FEDERAL RACKETEER INFLUENCED AND CORRUPT ORGANAZATIONS ACT

46. Plaintiff hereby incorporates the factual allegations set forth *supra* as if they were fully set forth herein.

47. Plaintiff has standing under 18 U.S.C. §1964 (c) to bring this claim.

48. GTL is an enterprise engaged in interstate commerce.

49. GTL's employees, agents, shareholders, and officers participate, directly and indirectly, in a pattern of racketeering activity.

50. Racketeering activity includes violations of 18 U.S.C. §1343 ("Wire Fraud").

51. GTL has and continues to have a scheme or artifice to obtain money by means of false or fraudulent pretenses, representations, or promises.

52. GTL's false pretenses, representations, and promises are transmitted by means of wire communications in interstate commerce.

53. GTL has committed at least two acts of racketeering activity, one of which has occurred within the last ten (10) years.

54. GTL induced Plaintiff and other members of the putative class, over the telephone, to pay money in exchange for inmate calling services.

55. GTL entered this contract under false pretenses, representations, and promises knowing they would remove Plaintiff's funds from his account if and when GTL defined Plaintiff's account as inactive.

56. GTL did not inform Plaintiff at the time of the formation of their contract of their intent to remove funds from customers' accounts when an account is inactive.

57. The contract between GTL and Plaintiff, and GTL and the Class, does not include or define inactivity, or allow Defendant to remove funds from their customers' accounts due to inactivity.

58. GTL's pattern of wire fraud caused Plaintiff's, and the Class', injury.

## COUNT II

## VIOLATIONS OF THE FEDERAL COMMUNCATIONS ACT

59. Plaintiff hereby incorporates the factual allegations set forth *supra* as if they were fully set forth herein.

60. GTL offers inmate calling services, and in that capacity is a "common carrier" as defined by the FCA.

61. As a common carrier, GTL is bound by Section 201(b) of the FCA, which provides, "All charges, practices, classifications, and regulations for and in connection with such communication service, shall be just and reasonable, and any such charge, practice, classification, or regulation that is unjust or unreasonable is declared to be unlawful."

62. Defendant's classification of Plaintiff and the Class' accounts as inactive are unjust and unreasonable.  Further, Defendant's practice of removing monies from inactive accounts is unjust and unreasonable.  Therefore, Defendant's actions are unlawful.

63. The FCA provides that "[a]ny person claiming to be damaged by any common carrier subject to the provisions of this chapter may either make complaint to the Commission as hereinafter provided for, or may bring suit for the

11

recovery of the damages for which such common carrier may be liable under the provisions of this chapter, in any district court of the United States of competent jurisdiction; but such person shall not have the right to pursue both such remedies." 47 U.S.C. §207.

64. Plaintiff has not made complaint to the FCC regarding the violations alleged herein; therefore, he has standing to bring an action in U.S. District Court.

65. To Plaintiff's knowledge, no other person on behalf of the putative class has brought an action before FCC to recover damages for the violations alleged herein.

66. GTL is liable to Plaintiff and the Class for the amounts it removed from their accounts due to inactivity.

67. Upon information and belief, GTL's violation of the FCA, as described herein, was knowing and intentional.

## COUNT III

### BREACH OF CONTRACT/BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

68. Plaintiff hereby incorporates the factual allegations set forth *supra* as if they were fully set forth herein.

69. Defendant contracted with Plaintiff and the Class to provide inmate calling services in exchange for money.

12

70. Defendant's contract with Plaintiff and the Class does not permit Defendant to remove monies from Plaintiff's and the Class' accounts without providing inmate calling services in exchange for the deposited money.

71. Nonetheless, Defendant removed monies from the Class' account without providing inmate calling services. Defendant removed Plaintiff's and the Class' monies because Defendant defined these accounts as inactive. Inactivity's definition and the contractual right to remove monies from Plaintiff and the Class' accounts without providing inmate calling services are not included in the terms of the contract.

72. Defendant's actions have breached their contractual obligations owed to Plaintiff and the Class.

73. As a direct, proximate, and legal result of the aforementioned breach of the terms of the contract, Plaintiff and the Class have suffered damages and are entitled to the relief sought herein.

74. In addition, every contract contains an implied covenant of good faith and fair dealing, where Defendant agreed to perform the obligation under the contract in good faith, to deal fairly with Plaintiff and the Class, and to not charge excessive or unreasonable fees for the inmate calling services for purposes of maximizing their own profits at the Class' expense.

75. The contract of Plaintiff and the Class each contained an implied covenant of good faith and fair dealing, pursuant to which Defendant was bound to exercise the discretion afforded it under the contact in good faith and to deal fairly with Plaintiff and the Class in that regard.

76. Defendant was obligated not to exercise its discretion by acting in bad faith (for its own financial gain for the purposes of maximizing profits at the expense of the Class).

77. As a direct, proximate, and legal result of Defendant's breach of the covenant of good faith and fair dealing, Plaintiff and the other members of the Class have suffered damages in an amount to be proven at trial.

## COUNT IV

### UNJUST ENRICHMENT/DISGORGEMENT

78. Plaintiff hereby incorporates the factual allegations set forth *supra* as if they were fully set forth herein.

79. Plaintiff and the Class have conferred a substantial benefit upon Defendant derived from the payments made by Plaintiff and the Class for Defendant's inmate calling service.

80. The payments were accepted and retained by Defendant under circumstances such that it would be inequitable for Defendant to retain the benefit without payment to Plaintiff and members of the Class.

81. Defendant entered into an agreement with Plaintiff and the Class to provide inmate calling services in exchange for money. Defendant created a company policy to remove money from Plaintiff's and the Class' accounts without providing the inmate calling services. Defendant knew that this policy was unfair and not the result of good faith practices.

82. As a result of Defendant's unjust enrichment, Plaintiff and the Class have sustained damages in an amount to be determined at trial and seek full disgorgement and restitution of Defendant's enrichment, benefits, and ill-gotten gains acquired as a result of the unlawful and wrongful conduct alleged above.

## COUNT V

## CONVERSION

83. Plaintiff hereby incorporates the factual allegations set forth *supra* as if they were fully set forth herein.

84. Defendant had and continues to have a duty to maintain and preserve Plaintiff and the Class' accounts and to prevent their diminishment or alteration through its own wrongful acts.

85. Defendant wrongfully and intentionally collected monies from Plaintiff's and the Class' accounts.

86. Defendant collected these monies by wrongfully and intentionally withdrawing specific and readily identifiable funds from Plaintiff's and the Class' accounts.

87. The Defendant has retained these monies unlawfully without the consent of Plaintiff and the Class and deprived them from exercise and use of these funds.

88. Defendant intends to permanently deprive Plaintiff and the Class of these funds.

89. Plaintiff and the Class properly own these funds, not the Defendants, who now claim they are entitled to ownership of the funds contrary to the rights of Plaintiff and the Class.

90. Plaintiff and the Class are entitled to the immediate possession of these funds.

91. Defendant has wrongfully converted these specific and readily identifiable funds.

92. Defendant wrongful conduct is of a continuing nature.

93. As a direct and proximate result of Defendant's conversion, Plaintiff and the Class have suffered and continue to suffer damages. Plaintiff and the Class are entitled to recover from Defendant all damages and costs permitted, including all amounts that Defendant wrongfully converted, which are specific and readily identifiable.

**WHEREFORE**, Plaintiff and all other similarly situated persons pray for the following relief:

a) That the Court certify the following class pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons nationwide who are or were account holders with GTL, whose accounts had a balance in excess of $0.00, and whose account balances were reduced to $0.00 by GTL when classified as inactive, within the applicable statute of limitations.

b) that the court declare Plaintiff as representative of the Class and Plaintiff's counsel as counsel for the Class;

c) That the Court enjoin GTL from the unlawful practice defined herein;

d) That the Court award to the Plaintiff Class all damages, defined as the the amount removed from the Class' accounts once defined as inactive within the applicable statute of limitations, for GTL's unlawful acts;

e) That the Court award to the Plaintiff Class treble damages, defined as three times the amount removed from the Class' accounts once defined as inactive within the applicable statute of limitations, for GTL's unlawful acts;

f) That the Court award reasonable attorneys' fees, costs and other expenses of suit to the Plaintiffs;

g) That the Court hold a trial by jury on all issues so triable;

h) That the Court award such other and further relief as it deems necessary, just, and proper.

Respectfully submitted this April 3, 2015.

/s/ James Radford            .
JAMES RADFORD
Georgia Bar No.: 108007
REGAN KEEBAUGH
Georgia Bar No. 535500

Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
(678) 369-3609
james@decaturlegal.com
regan@decaturlegal.com

                    /s/ Andrew R. Lynch
                    ANDREW R. LYNCH
                    Georgia Bar No. 120333

Andrew R. Lynch, P.C.
150 E. Ponce De Leon Ave.
Suite 225
Decatur, Georgia 30030
(404) 373-7735
andrew@atlnotguilty.com

*Counsel for Plaintiff*