UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BENSON GITHIEYA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 1:15-CV-00986-AT |
| | ) | |
| GLOBAL TEL*LINK CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL ARBITRATION OR IN THE ALTERNATIVE PARTIAL MOTION TO DISMISS

COMES NOW Plaintiff Benson Githeiya ("Plaintiff" or "Githeiya") and files this *Response to Defendant's Motion to Compel Arbitration or in the Alternative Partial Motion to Dismiss,* as follows.

### I.    Background

Plaintiff filed his Complaint on April 3, 2015. [Doc. 1]. GTL filed a *Motion to Compel Arbitration or in the Alternative, Partial Motion to Dismiss* ("Motion") on May 21, 2015. [Doc. 10]. Plaintiff's response to said Motion was, with an extension granted by this Court, due on June 22, 2015. [See Doc. 12]. However, on June 11, 2015, Plaintiff filed an *Amended Complaint*. [Doc. 13]. The *Amended Complaint* jettisoned Plaintiff's RICO claim and informed the Court of Plaintiff's

intention to seek dismissal without prejudice of that claim. [Id. at 1-2]. The *Amended Complaint* added numerous previously-unpled factual allegation that bear on the question of the arbitrability of this dispute, including, *inter alia*, the allegation that Githeiya did not agree to arbitration and that the purported arbitration clause was not contained on the web page referred to by GTL on its automated telephone system. [See id at ¶¶ 23-30].

The undersigned counsel has conferred with counsel for GTL regarding whether Plaintiff is required to file a substantive response to the Motion. Counsel for GTL has indicated his understanding that the *Amended Complaint* supercedes the original Complaint. The undersigned has sought a stipulation from counsel from GTL to that effect; however, as of the date and time of this filing, counsel has not responded to the undersigned's request. This response is filed in an abundance of caution.

## II.   Discussion

Plaintiff's amended complaint supersedes the original complaint. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n. 1 (11th Cir.1999) ("An amended complaint supersedes an original complaint."); *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 614 F.2d 1365, 1370 n. 6 (11th Cir.1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading.")

2

Further, the amended complaint renders moot the motion to dismiss the original complaint because the motion seeks to dismiss a pleading that has been superseded. *See Renal Treatment Ctrs.–Mid–Atlantic, Inc. v. Franklin Chevrolet–Cadillac–Pontiac–GMC,* No. 608CV87, 2009 WL 995564, at *1 (S.D.Ga. Apr.13, 2009) (noting that a pleading superseded by an amended complaint was "entirely irrelevant," and therefore concluding that the motion to dismiss the original pleading was moot); *Gulf Coast Recycling, Inc. v. Johnson Controls, Inc.,* No. 8:07–CV–2143–T–30TBM, 2008 WL 434880, at *1 (M.D.Fla. Feb.14, 2008) (concluding that the motion to dismiss was moot following the filing of the amended complaint because "[a]n amended complaint completely supersedes the original complaint, and once a complaint is amended, the only issues before the Court are the ones raised in the text of the amended complaint"); *Mizzaro v. Home Depot, Inc.,* No. Civ. A. 1:06–CV–11510, 2007 WL 2254693, at *3 (N.D.Ga. July 18, 2007) (Evans, J.) (dismissing as moot a motion to dismiss addressing the original complaint following defendants' acceding to the filing of an amended complaint). *See also Geathers v. Bank of Am., N.A.,* No. 1:14-CV-00850, 2015 WL 348852, at *2 (N.D. Ga. Jan. 26, 2015) (dismissing motion to dismiss as moot in light of amended complaint).

Moreover, an amended complaint may alter a Defendant's decision whether to seek arbitration of a claim. *See Krinsk v. SunTrust Banks, Inc.,* 654 F.3d

1194, 1203 (11th Cir. 2011) (holding that defendant's waiver of arbitration by filing an answer to original complaint is mooted by plaintiff's filing of an amended complaint that alters the original relief sought).

Here, the *Amended Complaint* significantly alters the landscape of the claims asserted and therefore moots the Motion. The Amended Complaint jettisons the RICO claim, which the Motion sought to dismiss. The Amended Complaint also adds significant factual allegations that bear directly on the question of whether this dispute is arbitrable. Namely, the *Amended Complaint* adds an express denial that Plaintiff ever agreed to arbitrate disputes with Defendant, with numerous supporting facts, including that he was never asked by Defendant's automated system to agree to a "Terms of Use," and the fact that Defendant's webpage does not contain a "Terms of Use." Plaintiff has also alleged numerous facts that would support a finding that an arbitration clause would be unconscionable under the circumstances, including that the claim involved is small in number, that the cost to arbitrate claims on an individual basis as called for in Defendant's arbitration document would be cost-prohibitive, and the fact that Defendant has a monopoly on Inmate Calling Services. These facts are likely to alter GTL's calculus as to whether to seek to compel arbitration.

**III.    Conclusion**

4

For these reasons, Plaintiff respectfully requests that this Court DENY AS MOOT the Motion.

In the alternative, in the event the Court decides the Motion is not moot, Plaintiff requests that he be permitted additional time to respond to the Motion, to correspond with the time required to respond to any Motion filed regarding the *Amended Complaint*. Plaintiff submits that such an extension will not prejudice any party, would prevent the waste and duplication of effort, and would further the interest of judicial economy.

This June 22, 2015.

/s/ James Radford
James Radford
Georgia Bar No. 108007
james@decaturlegal.com
Regan Keebaugh
Georgia Bar No. 535500
regan@decaturlegal.com
Counsel for Plaintiff

**RADFORD & KEEBAUGH, LLC**
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
(678) 271-0300

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I filed the foregoing pleading using the CM/ECF system, which should send a notification of such filing to all counsel of record.

/s/ James Radford
JAMES RADFORD
Georgia Bar No. 108007