IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BENSON GITHIEYA,            :
                            :
        Plaintiff,          :
                            :
v.                               :
                            :
GLOBAL TEL*LINK CORPORATION,  :       CIVIL ACTION NO.
                            :       1:15-CV-0986-AT
                            :
        Defendant.       :

## ORDER

This matter is before the Court on Plaintiff Benson Githieya's Application for Interlocutory Review or, alternatively, Motion for Reconsideration [Doc. 24]. For the following reasons, the Motion is **DENIED** in its entirety.

## I.   CERTIFICATION FOR INTERLOCUTORY APPEAL

On January 25, 2016, the Court stayed this case and compelled arbitration pursuant to 9 U.S.C. §§ 3, 4.  "Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order— (1) granting a stay of any action under section 3 of this title; [or] (2) directing arbitration to proceed under section 4 of this title."  9 U.S.C. § 16(b).

Certification under 28 U.S.C. § 1292(b) (2012) is an extraordinary measure that is permitted only in exceptional circumstances.  *See McFarlin v. Conseco Serv., LLC*, 381 F.3d 1251, 1256 (11th Cir. 2004).  Under § 1292(b), a Court of Appeals may consider whether to permit an interlocutory appeal only after a

district judge certifies in writing that her non-final order (1) concerns a controlling question of law (2) on which there is substantial ground for difference of opinion, and (3) where an immediate appeal from the order may materially advance the ultimate termination of the litigation.  *See McFarlin*, 381 F.3d at 1264.

Interlocutory appeals under 28 U.S.C. § 1292(b) "were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *McFarlin*, 381 F.3d at 1259.  And § 1292 disallows appeals "from any decision which is tentative, informal or incomplete" or on any matter that "remains open, unfinished or inconclusive." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).  This is because an appeal gives the higher court "a power of review, not one of intervention."  *Id.*

While "[t]he choice to emphasize the 'controlling question of law' requirement or to emphasize instead the 'materially advance' requirement often seems a matter of chance" because of how closely tied the two issues are tied, 16 Charles Alan Wright, Arthur R. Miller, & Edward Cooper, Federal Practice and Procedure § 3930 at 505-07 (3d. ed. 2012), there is no doubt that the issue — controlling or not — must be one of pure law.  *See McFarlin*, 381 F.3d at 1259 ("To summarize, § 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to

determine the facts."); *see also Consumer Financial Protection Bureau v. Frederick J. Hanna & Associates, P.C.*, No. 1:14-cv-02211-AT, 2015 WL 10551424, at *2 (N.D. Ga. Nov. 11, 2015). And it must be one over which there is "substantial ground" for difference of opinion. 28 U.S.C. § 1292(b) (2012). The movant bears the burden to "make the showings necessary to establish a right to interlocutory appeal." *CSX Transp., Inc. v. Kissimmee Util. Auth.*, 153 F.3d 1283, 1286 (11th Cir. 1998); *OFS Fitel, LLC, v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008).

Plaintiff urges certification and asserts that all requirements are met. Defendant responds, among other things, that the Order for which Plaintiff seeks certification – the Court's grant of Defendant's Motion to Stay and Compel Arbitration, (Doc. 23) – does not present a pure question of law and, at any rate, there is not a substantial ground for difference of opinion on any issue decided in that Order. Defendant also contends that resolution of Plaintiff's issue would not materially advance the ultimate termination of the litigation.

Plaintiff's argument that the Order presents a pure issue of law is phrased as: "the issue is whether, under the facts pled by Plaintiff, his challenge to arbitrability is based on allegations that he never entered into the 'Terms of Use' agreement at all (as in *Chastain*[1]), or whether he is admitting to agreeing to the 'Terms of Use' and is merely challenging the arbitration provisions therein (as in

---

[1] *Chastain v. Robinson-Humphrey Co., Inc.*, 957 F.2d 851 (11th Cir. 1992).

Rent-a-Center[2]).”  But this was a fact-intensive determination.  The parties do not disagree about the law – they simply disagree about how to apply that law to the facts of this case, with Plaintiff saying no contract was formed (and thus *Chastain* applies) and Defendants saying a contract was formed (and thus *Rent–A–Center* applies).  It is true that many of the “facts” that undergirded the determination were allegations accepted as true, but a determination of whether an agreement was made is not the type of question of pure law envisioned by the statute.  *Compare McFarlin*, 381 F.3d at 1262 (denying § 1292(b) certification because “[t]here is no disagreement about what the law is regarding when a tortious interference claim will lie. There is only an issue of applying the law to this particular factual scenario.”), *with Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1252-53 (11th Cir. 2003) (granting § 1292(b) review of whether district court has jurisdiction over class members who do not satisfy the amount in controversy requirement, and whether following a jury verdict in favor of the class the district court should have awarded aggregate damages to the class), *Tucker v. Fearn*, 333 F.3d 1216, 1218 (11th Cir. 2003) (granting § 1292(b) review of whether a nondependent parent may recover loss of society damages for the wrongful death of his minor child under general maritime law), *and Love v. Delta Air Lines*, 310 F.3d 1347, 1351 (11th Cir. 2002) (granting § 1292(b) review of whether the Air Carrier Access Act of 1986 implies a private right of action, and if so what remedies are available to private litigants).  The Court could imagine a

---

[2] *Rent–A–Center, W., Inc. v. Jackson*, 561 U.S. 63 (2010).

pure question of law arising in a similar circumstance – perhaps asking whether a formation challenge *à la Chastain* could really be delegated as *Rent–A–Center* suggests – but no such question is presented here.

And it may be that the arbitrator decides the terms of use were not incorporated by reference into the contract, and ends up sending the case back to the Court.  Even if that happened, interlocutory resolution of Plaintiff's question would not "materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  The arbitrator would likely spend no more time deciding that issue than this Court, whereas an appeal would only add months (or years) to the litigation process.

Plaintiff points to the situation in which the arbitrator finds the terms of use incorporated by reference and then goes on to arbitrate the case.  Plaintiff speculates that if he loses, he might challenge the award by arguing that the Court never should have compelled arbitration.  And if he wins on appeal, the whole case will need to be relitigated.  Indeed, it appears that possibility may have been foreseen, as was the opposite:

> It may well happen, of course, that the person opposing arbitration has won it on the merits, either in full or at least in sufficient measure to accept the award, and that the victory will induce the abandonment of the objection to the arbitral forum. (Winning the battle always helps the winner forget who chose the battlefield.) That result would also be welcome, and is another fond hope on which [28 U.S.C.] § 1291 is premised.

David D. Siegel, Practice Commentary, 9 U.S.C.A. § 16, physical volume at 751-52 (West 2009).  Accordingly, Plaintiff's speculation about what issues may arise or

may be re-litigated in the future does not sufficiently demonstrate that an appeal at this stage would materially advance the ultimate termination of the litigation. The Motion for certification for interlocutory review is **DENIED**.

### A.    Motion for Reconsideration

The Order compelling arbitration and administratively closing the case was a non-final order.  The Court can reconsider its non-final orders at any time before the close of a case.  *See* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").  In order to move for reconsideration of a non-final order, however, at least one of the following conditions must exist: "an intervening change in controlling law, the availability of new evidence, [or] the need to correct clear error or prevent manifest injustice."  *Godby v. Electrolux Corp.*, No. 1:93–CV–0353–ODE, 1994 WL 470220, at *1 (N.D. Ga. May 25, 1994).  And, under Local Rule 7.2(E), "[m]otions for reconsideration shall not be filed as a matter of routine practice," but only when "absolutely necessary."  LR. 7.2(E), NDGa; *Bryan v. Murphy,* 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003); *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557 (N.D. Ga. 1995) (O'Kelley, J.).

Parties may not use a motion for reconsideration to show the court how it "could have done it better," to present the court with arguments already heard

and dismissed,  to repackage familiar arguments to test whether the court will change its mind, or to offer new legal theories or evidence that could have been presented in the original briefs.  *Bryan*, 246 F. Supp. 2d at 1259; *Pres. Endangered Areas of Cobb's History, Inc.*, 916 F. Supp. at 1560; *Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000) (Murphy, H.L., J.); *Adler v. Wallace Computer Servs., Inc.*, 202 F.R.D. 666, 675 (N.D.Ga.2001) (Story, J.) (citing *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992)).  If a party presents a motion for reconsideration under any of these circumstances, the motion must be denied. *Bryan*, 246 F. Supp. 2d at 1259; *Brogdon ex rel. Cline*, 103 F. Supp. 2d at 1338.

Here, Plaintiff presents no new arguments, evidence, or intervening change of law, nor does he demonstrate manifest injustice or clear error.  Indeed, nowhere in his Motion does he even acknowledge the reconsideration standard or attempt to meet its high bar.  Rather, he just suggests that, should the Court deny interlocutory appeal certification, it should reconsider its prior order.  That is essentially just a repackaging of its previous briefing, so the Motion for Reconsideration [Doc. 24] must also be **DENIED**.

**IT IS SO ORDERED** this 29th day of March, 2016.

**Amy Totenberg**
**United States District Judge**