ARBITRATION PROCEEDING
BEFORE HON. MELVIN K. WESTMORELAND

| | |
|---|---|
| BENSON GITHIEYA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GLOBAL TEL*LINK CORPORATION,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)  JAMS File No. 1440005162<br>)<br>)<br>)<br>)<br>) |

## RULING

Plaintiff, Benson Githieya ("Githieya"), originally filed this matter in the U.S. District Court for the Northern District of Georgia, alleging Defendant Global Tel*Link Corporation (GTL) converted funds Githieya had deposited with GTL for purposes of obtaining inmate calling services. Githieya alleged causes of action for violation of the Federal Communications Act and state law claims for breach of contract, unjust enrichment and conversion. Githieya sought relief on a class-wide basis on behalf of all individuals who have allegedly suffered the same harm as Githieya.

GTL filed a motion to compel arbitration, contending Githieya agreed to a "Terms of Use" agreement, housed on GTL's website, and said Terms contained

TCO 362432109v1

an arbitration clause. On January 25, 2016, the Hon. Judge Amy Totenberg granted GTL's motion in part, finding the threshold issue of whether the parties had agreed to arbitrate disputes must be decided in binding arbitration. Judge Totenberg directed that if the arbitrator decided the dispute is subject to mandatory arbitration the case should proceed to arbitration on the merits of Plaintiff's claims; yet, if the arbitrator determined the dispute is not subject to mandatory arbitration the arbitrator should notify the Court accordingly.

The parties selected the undersigned as arbitrator to whom each submitted legal briefs and evidence and who, upon consideration, rules as follows:

Arbitration agreements are governed by the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 1 *et seq.*, which "embodies a liberal federal policy favoring arbitration agreements." Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1367 (11th Cir. 2005). However, "[w]hile doubts concerning the scope of an arbitration clause should be resolved in favor of arbitration, the presumption does not apply to disputes concerning whether an agreement to arbitrate has been made." Dasher v. RBC Bank (USA), 745 F.3d 1111, 1115–16 (11th Cir. 2014). It is the burden of the party seeking to enforce the contract (here, GTL) to prove that an enforceable contract exists. Bazemore v. Jefferson Capital Sys., LLC, 827 F.3d 1325, 1334 (11th Cir. 2016).

The question whether the parties have agreed to arbitrate is governed by state contract law. Bazemore, 827 F.3d at 1329. Under Georgia state contract law, which the parties agree applies here, "[t]o constitute a valid contract, there must be [. . .] the assent of the parties to the terms of the contract [. . . .]" Ga. Code Ann. § 13-3-1. The element of assent requires " '(a) a meeting of the minds (b) on the essential terms of the contract.' " Regan v. Stored Value Cards, Inc., 85 F.Supp.3d 1357, 1362 (N.D. Ga. 2015) (quoting John K. Larkins, Jr., Ga. Contracts Law and Litigation § 3:2 (2d ed.)), aff'd sub nom. Regan v. Stored Value Cards, Inc., 608 Fed.Appx. 895 (11th Cir. 2015).

Based on the evidence submitted by the parties, the undersigned finds the parties did not mutually assent to the "Terms of Use." See James v. Global Tel*Link Corp., 2016 WL 589676 (D.N.J. Feb. 11, 2016). Therefore, the parties' dispute is not subject to mandatory arbitration. Pursuant to Judge Totenberg's January 25, 2016 Order, the undersigned hereby directs counsel for Plaintiff to forward this Order to Judge Totenberg's chambers as notification of same and this matter is remanded to the district court for further proceedings.

This 10th day of March, 2017.

_____
Hon. Melvin K. Westmoreland
Arbitrator