# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BENSON GITHIEYA, KATE BOCCIA, DARLENE BYERS, and NELLIE LOCKETT,<br><br>  Plaintiffs,<br><br>v.<br><br>GLOBAL TEL LINK CORP.,<br><br>  Defendant. | CIVIL ACTION NO:<br>1:15-CV-00986-AT |

## JOINT STATEMENT REGARDING DISCOVERY ISSUES

Pursuant to this Court's Order set forth in docket entry 65, the parties enclose their respective statements regarding discovery concerning account-level transaction data. Plaintiffs request an in-person hearing to introduce testimony and documentary evidence regarding the issues described herein. GTL does not believe a hearing is warranted, but should the Court like to hear from the parties, then GTL respectfully submits that a telephonic hearing would suffice.

## PLAINTIFF'S STATEMENT

More than six months ago, Plaintiffs served discovery on GTL requesting account-level data concerning the prepaid calling accounts that were subjected to GTL's practice of taking customer funds after a period of inactivity. After GTL refused to provide account-level data, Plaintiffs raised this issue during the Court's October 5, 2017 teleconference. Based on GTL's representation that it was producing "summary[,] nationwide-type information" on an "aggregate level" that would be "sufficient for [Plaintiffs]," the Court instructed the parties to work together to develop an "adequate substitute" to GTL's production of account-level data for the millions of individuals affected by the practice that Plaintiffs challenge. Dkt. 70 at 26-28. After the conference, the Court ordered the parties to file this statement regarding "alternatives to account level data." Dkt. 65. Due to the recent developments described below, Plaintiffs ask the Court to (i) order GTL to fully disclose information regarding GTL's mass deletion of years of account-level data, as well as the meaning of certain codes GTL uses in its AMES database; and (ii) order GTL to produce an adequately prepared witness to testify regarding these issues at GTL's expense. Given the importance of these issues, Plaintiffs request an in-person hearing to offer testimony and documentary evidence.

**Data Deletion.** In May of 2017, Plaintiffs served discovery requests

seeking, among other things, information contained in the "database or database summaries . . . associated with individual ICS or AdvancePay accounts." GTL objected to producing information about any AdvancePay account holder except Plaintiffs. On September 14, 2017, at the first 30(b)(6) deposition of GTL, Plaintiffs asked whether GTL "deleted, without creating a backup . . . any account data, balance, deposits or transaction data of any AdvancePay account" during the previous 10 years. GTL testified that it had not:

```
                                                              Page 69
 1     Q.    Has GTL destroyed any data relating to the --
 2   either deposits, use or balance changes of any AdvancePay
 3   accounts?
 4             MR. SKLAIRE:  Objection, foundation.
 5     A.    At any point in GTL's history?
 6     Q.    Yeah.  Or -- well, let me strike it.
 7             I mean, I know that there's backup processes
 8   and data is moved; but has GTL basically deleted, without
 9   creating a backup or any other system, any account data,
10   balance, deposits or transaction data of any AdvancePay
11   account, to your knowledge?
12             MR. SKLAIRE:  Objection to foundation.
13     A.    Over -- ever?
14     Q.    For the last ten years.
15     A.    For the last ten years.  Not to my knowledge,
16   no.
```

However, during the 30(b)(6) deposition of GTL pertaining to account-level information last Wednesday, GTL disclosed, for the first time, that it had implemented a policy of systematic deletion of AdvancePay account data from 2011 to 2013. Apparently, GTL's policy of transaction data deletion actually

lasted *four* years—from 2011 to 2015—which Plaintiffs' learned moments ago after reviewing GTL's statement below.  GTL's corporate representative was wholly unprepared at last week's deposition to provide testimony about the scope of its mass deletion.  For example, the witness could not testify about when GTL's deletion policy was in place or how many records were affected.  GTL has withheld and continues to withhold information about that mass deletion, even though Plaintiffs have asked about the availability of summary account-level data for months and raised this issue with the Court during the October 5 conference.

**AMES Database Codes**.  GTL has also failed to produce documents relating to the classification of transaction entries in the account records GTL has produced.  In addition, GTL's corporate designee was inadequately prepared to testify on this topic, admitting she could only "hazard to guess," "honestly [didn't] understand," and was not "prepared in any way to testify one way or the other" relating to the manner in which certain Plaintiffs established their accounts or provided information in that process. Tr. at 204, 285.  This information is important because Plaintiffs have preliminarily defined the class as including prepaid account holders who established their accounts via GTL's nationwide interactive-voice-recording (IVR) system.  Before the deposition, GTL provided inconsistent information concerning the meaning of certain classifications

contained in its account-level data. At the deposition, GTL's representative gave contradictory and unprepared testimony concerning that subject matter.

**Requested Relief.** Information regarding the existence and deletion of account-level transaction data and the meaning of transaction codes is clearly discoverable in this case. Over two months ago, the Court admonished the parties to address the issue of account data within a "concrete time frame" so "we don't have to end up having to delay things because it has dragged on." Dkt. 70 at 28.

Plaintiffs request that GTL be required to supplement its discovery responses and produce documents regarding (i) its mass deletion of transaction data and (ii) about the codes in its transaction records from January 1, 2009 to present. Plaintiffs further request GTL be required to produce a 30(b)(6) witness fully prepared to testify regarding these issues. Finally, because GTL withheld information regarding the mass deletion until last week and its designee was not prepared to fully testify about these issues, Plaintiffs request that the Court order GTL to (i) reimburse Plaintiffs for all costs relating to the additional 30(b)(6) deposition and (ii) certify compliance with this Court's order and completion of its production in response to Plaintiff's requests. Plaintiffs reserve the right to seek additional relief after completing their investigation into the scope and circumstances of GTL's conduct.

## DEFENDANT'S STATEMENT

The Court has requested a joint statement regarding "alternatives to the account level data." ECF No. 65. GTL has produced over 50,000 pages of discovery containing summary level accounting and billing information, revenue records, and representative account-level information for the types of records maintained by GTL. GTL has also produced account-level data for the named Plaintiffs. Plaintiffs do not explain why these productions are insufficient for purposes of class certification, but instead attempt to create a discovery issue where none exists.

As part of its standard document retention practices, GTL cleaned up certain transaction records for AdvancePay accounts for which no activity occurred in a two-year period. The practice began in 2011 and ended in 2015, so the only records at issue are between 2011 and 2013. Rule 30(b)(6) Dep. of M. Phillips, at 31:7-12. None of the deleted records relate to the named Plaintiffs. GTL has produced summary reports for this time period, providing relevant information regarding the AdvancePay accounts at issue in this case, exactly as contemplated during the parties' prior discussions with the Court. Those records are unaffected by GTL's data cleanup of 2011-13 transaction records. In short, Plaintiffs already have the information they appear to be seeking.

Plaintiffs' assertion that GTL first disclosed its AdvancePay account transaction record document retention policy at last Wednesday's deposition is not accurate. On September 8, 2017, Plaintiffs requested transaction information for nine individuals who counsel attempted to sign up as potential plaintiffs. GTL informed Plaintiffs' counsel on September 27, 2017, and again on September 29, 2017, that it did not have transaction records for three of those individuals whose accounts were closed in the 2011-13 time period. Those three individuals did not become Plaintiffs in this case. At that point, Plaintiffs were aware of missing records for that time period. Then, on November 2, 2017, GTL disclosed its AdvancePay account transaction record retention policy in response to Plaintiffs' Third Set of Interrogatories. *See* GTL's Resp. to Pls.' 2d Set of Interrogs., at No. 19 ("Accounts with no activity for two years are purged from the system.").

After delaying the deposition at Plaintiffs' request in order to review more documents, Plaintiffs' counsel in the deposition acknowledged that he had reviewed GTL records identifying the data cleanup and was prepared to ask specific questions relating to this issue. Phillips Dep. at 24:13-19. The witness testified that a litigation hold has been in place since 2015, so any routine deletion of transaction reports stopped. *Id.* at 24:19-25:12. Ms. Phillips also explained in detail at her deposition that some of the information contained in the AdvancePay

account transaction records for particular individuals could be recreated from call data records and other materials that GTL retains if individuals were seeking refunds or reactivation. *Id.* at 28:5-29:22.

Plaintiffs' claim that GTL failed to correct "false testimony" at the September Rule deposition is also not accurate. As Plaintiffs admit, no GTL 30(b)(6) witness testified on the topic of record keeping or retention until last Wednesday. The September deposition of GTL's representative, Mr. Baker, was on a different topic, and it was made very clear that he was not designated to testify about record keeping and retention. Plaintiffs' counsel confirmed this fact on the record. Rule 30(b)(6) Dep. of J. Baker (9/14/17), at 8:14-9:5 ("Q. But by agreement of counsel, I understand that Global Tel*Link will provide a separate corporate representative with respect to certain document issues for a later deposition. Is that true, Mr. Sklaire? MR. SKLAIRE. Yes. MR. CAPLAN: Okay."); *id.* at 69:22-70:6 ("MR. SKLAIRE: Objection, foundation, and this witness is not designated to testify as to the recordkeeping. MR. CAPLAN: You can answer to the best of your knowledge. MR. SKLAIRE: If you have personal knowledge.").

Plaintiffs now request an additional 30(b)(6) deposition on the topic of GTL's record keeping practices, but have not shown why that would be necessary

or appropriate. Plaintiffs identify only two alleged deficiencies in Ms. Phillips' testimony. They claim she "could not testify about when GTL's deletion policy was in place or how many records were affected." That assertion is incorrect. Ms. Phillips testified that although the policy was implemented in 2011, it only affected some AdvancePay account transaction records for brief period of time, 2011 through 2013. Phillips Dep. 24:4-25:18, 31:7-17, 37:22-24. The question of precisely how many records could likely be deduced from the summary documents provided or through a supplemental interrogatory. Any further deposition examination into these issues would be duplicative and unwarranted. In addition, Plaintiffs assert that Ms. Phillips could not identify "a few" codes, but fail to mention that GTL has agreed to produce a key—to the extent not already produced—explaining the meaning of those codes. This too is a non-issue.

Plaintiffs' vague request for "supplementation" of unidentified discovery requests is difficult to respond to. GTL already has told Plaintiffs' counsel that it will supplement its responses as appropriate, and is not aware of any requiring supplementation at this time. Nor have Plaintiffs' counsel identified any specific requests that require supplementation. Finally, GTL does not believe a hearing is warranted, but should the Court like to hear from the parties, then GTL respectfully submits that a telephonic hearing would suffice.

Respectfully submitted, this 13th day of December, 2017.

/s/ Michael A. Caplan
Georgia Bar No. 601039
**CAPLAN COBB LLP**
75 Fourteenth Street, NE, Suite 2750
Atlanta, Georgia 30309
(404) 596-5600 – Office
(404) 596-5604 – Facsimile
mcaplan@caplancobb.com

/s/ James Radford
James Radford
Georgia Bar No. 108007
**RADFORD & KEEBAUGH, LLC**
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
(678) 271-0300
james@decaturlegal.com

*Counsel for Plaintiffs*

/s/ Michael J. King
Michael J. King
Georgia Bar No. 421160
kingm@gtlaw.com
**GREENBERG TRAURIG LLP**
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
Tel: (678) 553-2100
Fax: (678) 553-2210

/s/ Michael Sklaire
Michael A. Sklaire
*Pro hac vice*
sklairem@gtlaw.com
**GREENBERG TRAURIG LLP**
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Tel: (703) 749-1308
Fax: (703) 714-8308

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that, on this day, I caused a true and correct copy of the foregoing document to be filed with the clerk's office using this Court's CM/ECF system, which will automatically send notice of such filing to all counsel of record.

This 13th day of December, 2017.

/s/ *Michael A. Caplan*
Michael A. Caplan
Georgia Bar No. 601039
**CAPLAN COBB LLP**
75 Fourteenth Street, NE, Suite 2750
Atlanta, Georgia 30309
(404) 596-5600 – Office
(404) 596-5604 – Facsimile
mcaplan@caplancobb.com