UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BENSON GITHIEYA, DARLENE BYERS, and NELLIE LOCKETT,<br><br>    Plaintiffs,<br><br>v.<br><br>GLOBAL TEL LINK CORP.,<br><br>    Defendant. | CIVIL ACTION NO:<br>1:15-CV-00986-AT |

**JOINT STATEMENT REGARDING DISCOVERY ISSUES AND PLAINTIFFS' REQUEST TO STAY CLASS CERTIFICATION BRIEFING PENDING RESOLUTION OF THIS DISPUTE**

Pursuant to this Court's Standing Order, the parties enclose their respective statements concerning their dispute regarding GTL's discovery responses and Rule 30(b)(6) testimony regarding changes made to GTL's AdvancePay interactive voice response ("IVR") script. Plaintiffs request that the Court temporarily suspend the class certification briefing schedule until the Court resolves this dispute. GTL opposes the requested relief.

***Plaintiffs' Statement.*** This is a class action in which Plaintiffs assert claims on behalf of persons who established and funded telephone calling accounts with GTL via its automated IVR telephone system. To create an account via GTL's IVR system, a customer calls GTL's IVR and presses numbers on her phone's keypad in response to an automated, written "script." The parties agree that a customer's interaction with that IVR script creates a contract, and Plaintiffs have moved for class certification, in part, based upon GTL's assertion that it used the same IVR script during the relevant time period. *See* Dkt. 123-1 at 5-7.

Last year, GTL produced a document that it claimed constituted its IVR script. *See* Dkt. 123-21. GTL testified under oath that this was the script in place during the entire time period relevant to this case. Dkt. 88 at 195; dkt. 87 at 78-79. The IVR script produced by GTL contains this statement: "Advance Pay balances that remain unused may expire after 90 days." Dkt. 123-21 at 2. GTL rests a significant part of its opposition to class certification on the existence of this statement in its IVR script. *See* dkt. 137-0 at 1 (arguing GTL's IVR script "expressly discloses the inactivity policy"); *see also id.* at 2, 4-5, 8, 14, 16, 18, 24, 38. But Plaintiffs recently discovered that no such statement currently exists in GTL's IVR script. Further, as a result of a document GTL produced last week, it is apparent that no such statement has existed in GTL's IVR script for years—likely

even before some Plaintiffs established their accounts and filed this suit.

Although Plaintiffs served an interrogatory and asked multiple deposition questions concerning GTL's script, GTL testified under oath that no changes were made to its IVR script during the relevant time period. *See* Exhibit A (containing the relevant portions of GTL's interrogatory response and the transcript of GTL's Rule 30(b)(6) deposition). After plaintiffs discovered and raised the issue two weeks ago, GTL did not dispute the statement was removed from its IVR script during the time period relevant to this case. But GTL has refused to disclose *when* it removed the statement from its IVR script. Further, GTL has also refused to (i) provide a complete interrogatory response regarding when this statement was removed from the script; (ii) correct the false or incomplete testimony of its Rule 30(b)(6) witnesses; and (iii) reopen GTL's deposition to permit Plaintiffs to inquire when this statement was removed.

GTL's defense of this misconduct confirms its disregard for its discovery obligations. In response to Plaintiffs' conferral, GTL identified a single spreadsheet (from among the thousands of documents it has produced) that it had produced in an unreadable format. GTL did not reference this spreadsheet (GTL_Githieya_778) in either its discovery responses or in response to deposition questions regarding changes made to its IVR script. Instead, GTL only identified

this document as relevant and produced a readable version of the spreadsheet—for the first time—*last week*. The spreadsheet indicates that changes were made to GTL's IVR script in 2013 and 2016. But the information in that document is so limited and incomplete that Plaintiffs cannot confirm from it alone when the statement set forth above was removed. Nevertheless, GTL has continued to refuse to supplement its discovery responses or deposition testimony, or to disclose when it removed the statement at issue from its IVR script. Thus, GTL is now exploiting its own flagrant violation of its discovery obligations and false testimony to leave Plaintiffs (and the Court) in the dark on this issue. Until GTL provides such evidence, Plaintiffs cannot adequately respond to GTL's brief in opposition to class certification, which relies heavily on the assertion that such a statement exists in GTL's IVR script.

***Plaintiffs' Requested Relief.*** Plaintiffs respectfully request that the Court (i) suspend plaintiffs' deadline for filing their reply brief in support of class certification; (ii) compel GTL to fully respond to Plaintiffs' Interrogatory No. 20; and (iii) reopen the Rule 30(b)(6) deposition of GTL on this issue. Plaintiffs reserve the right to request further remedial relief once they obtain complete information regarding the changes made to GTL's IVR script. Plaintiffs welcome the opportunity to submit further briefing and attend a hearing on these issues.

*Defendant's Statement.*

Plaintiffs' requested relief should be denied. Not only has class discovery been closed since April, but Plaintiffs have been in possession of the very information they now say they need since July 2017. GTL fully and timely complied with discovery obligations. GTL provided not just one spreadsheet but hundreds of relevant documents before and after the depositions. After GTL identified the weaknesses in Plaintiffs class certification argument, Plaintiffs attempt to create an issue. But this issue affects none of the Plaintiffs who would likely have heard the inactivity prompt when signing up for an account, and any stay is inappropriate.

Plaintiffs filed their class certification motion on April 13, 2018. Dkt. 123-1. Discovery relating to class issues closed two days later—on April 15, 2018. Dkt. 66 at 2. Plaintiffs took three depositions, and declined to take any others. Then, on April 23, 2018, a week *after* the close of discovery, Plaintiffs' counsel placed a surreptitiously recorded call to GTL for the purpose of testing the automated account set-up process, which appears to form the basis of the relief they now seek. Notably, Plaintiffs' counsel only disclosed this call last week after being pressed by GTL's counsel.

Regardless, GTL did meet and confer with Plaintiffs, and did attempt to accommodate their requests, all of which revealed the inaccuracy of

Plaintiffs' assertion that only one spreadsheet was produced. In particular, GTL identified over 150 IVR script-related documents that it produced months ago in response to Interrogatory 20, and in accordance with the joint electronic discovery protocol.  GTL explained that a review of those documents would have identified any changes made to the AdvancePay intake IVR scripts, or when particular prompts were played. GTL identified each of those documents by Bates number, and produced a native load file for a spreadsheet previously produced as a PDF.[1] Many of these documents were provided to Plaintiffs in July 2017, two months before the first deposition in this case. The others were disclosed through November 2017—more than seven months ago. GTL not only fully complied with its discovery obligations under Rule 33(d), but also agreed, even though discovery was closed, to supplement its response with any responsive documents since July 2017.

As for the request for an additional deposition, GTL opposes the request for three primary reasons. First, Plaintiffs had the relevant and responsive documents both before and after the depositions in this case, and thus have had many months in which to challenge the witnesses' recollection—whether in those two depositions, in subsequent depositions, or

---

[1]  These documents were produced in PDF because the production was made before the entry of the protective order.  Dkt. No. 51.

otherwise. Second, no GTL deponent provided false testimony. In response to general questions about the language of the IVR script, the witnesses testified truthfully to the best of their recollection. In fact, the identified documents confirm that the script did not change very much over time, and that the inactivity prompt did not change from 2009 through the date of the Complaint, which would have included the time that each Plaintiff signed up over the phone. Third, as GTL has informed Plaintiffs' counsel, GTL's response to further questioning on this issue regarding changes is entirely dependent upon the same documents Plaintiffs already have, so any potential witness would be testifying based on these same documents.

The sole basis for Plaintiffs' requested relief is that the inactivity prompt they cited in their brief—which they originally claimed played classwide and thus posed a common question, Dkt. No. 123-1 at 5-7—actually *did not* play classwide. Dkt. 139 at 1-2, 16-21. Plaintiffs failed to diligently review GTL's production, and then offered a fatally flawed theory of class certification. More importantly, each of the named Plaintiffs would have heard the inactivity prompt, such that this supposedly "new" evidence is irrelevant to their claims. In sum, Plaintiffs' request to reopen discovery fundamentally misconstrues and misrepresents GTL's compliance with all discovery requests in this case, and should be denied.

Respectfully submitted, this 14th day of June, 2018.

/s/ *Michael A. Caplan*
Georgia Bar No. 601039
**CAPLAN COBB LLP**
75 Fourteenth Street, NE, Suite 2750
Atlanta, Georgia 30309
(404) 596-5600 – Office
(404) 596-5604 – Facsimile
mcaplan@caplancobb.com

/s/ James Radford
James Radford
Georgia Bar No. 108007
**RADFORD & KEEBAUGH, LLC**
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
(678) 271-0300
james@decaturlegal.com

*Counsel for Plaintiffs*

 */s/ Michael R. Sklaire*
 Michael R. Sklaire (*pro hac vice*)
 GREENBERG TRAURIG LLP
 1750 Tysons Boulevard, Suite 1000
 McLean, Virginia 22102
 Tel: (703) 749-1308
 Email: sklairem@gtlaw.com

 Michael J. King
 Georgia Bar No. 421160
 GREENBERG TRAURIG LLP
 Terminus 200
 3333 Piedmont Road NE, Suite 2500

- 7 -

Atlanta, Georgia 30305
Tel: 678-553-2100
Fax: 678-553-2411
Email: kingm@gtlaw.com

Robert J. Herrington (*pro hac vice*)
GREENBERG TRAURIG LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Tel: (310) 586-7700
Email: herringtonr@gtlaw.com

John K. Crisham (*pro hac vice*)
GREENBERG TRAURIG LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202
Tel: (303) 572-6500
Email: crishamj@gtlaw.com

*Counsel for Defendant*
*Global Tel\*Link Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that, on this day, I caused a true and correct copy of the foregoing document to be filed with the clerk's office using this Court's CM/ECF system, which will automatically send notice of such filing to all counsel of record.

This 14th day of June, 2018.

/s/ *Michael A. Caplan*
Michael A. Caplan
Georgia Bar No. 601039
**CAPLAN COBB LLP**
75 Fourteenth Street, NE, Suite 2750
Atlanta, Georgia 30309
(404) 596-5600 – Office
(404) 596-5604 – Facsimile
mcaplan@caplancobb.com