# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BENSON GITHIEYA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | CASE NO.: 1:15-cv-986-AT |
| ) | |
| GLOBAL TEL*LINK CORP., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

# DEFENDANT'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM REGARDING CLASS SETTLEMENT AGREEMENT AND NOTIFICATION PROCESS IN *JAMES*

Defendant Global Tel*Link ("GTL") respectfully submits this response to Plaintiffs' Supplemental Memorandum regarding the proposed class settlement agreement in *James v. Global Tel*Link*, No. 13-cv-04989 (D.N.J.). (*See* Doc. 265 ("Mem.").) Contrary to Plaintiffs' arguments, the terms of the proposed settlement in *James* are in no tension with — and certainly do not contradict — any prior GTL statement to this Court. Moreover, approval of that settlement would not support Plaintiffs' class certification motion here.

*First*, Plaintiffs claim (at 1-3) that the proposed settlement agreement in *James* (*see* Mem. Ex. A [Doc. 265-1]) is inconsistent with GTL's arguments that the proposed class in this case is not ascertainable. (*See* Doc. 137, at 38-39.) There is no inconsistency.

In opposing class certification here, GTL explained that its records do not contain sufficient information to ascertain the identity of every member of Plaintiffs' proposed class. (Doc. 137, at 38.) Contrary to Plaintiffs' contentions, the notice provisions the *James* court preliminarily approved do not undermine that contention — on the contrary, they support it. Rather than rely on GTL's records alone, the proposed process contemplates four forms of notice to account for the incompleteness of GTL's records. The settlement administrator shall use email to notify, not all class members, but rather "all Class Members *for whom the*

*Settlement Administrator has* valid email addresses." (Mem. Ex. C § 5, at 3 [Doc. 265-3]) (emphasis added). The administrator shall then use first-class mail to notify, not all class members, but rather "each Class Member *for whom the Settlement Administrator has* a valid mailing address but no valid email address." (*Id.*) (emphasis added). Implicitly acknowledging the incompleteness of those records, the proposal also requires the administrator to post notice on a designated public website as well as in the *Newark Star Ledger*, the *South Jersey Times*, and the *Prison Legal News*. (*Id.* §§ 6-7, at 3.) Put simply, the notice approved in the *James* settlement validates GTL's ascertainability concerns.

*Second*, Plaintiffs argue (at 3-4) that the proposed settlement's reliance on a "claims-made" (or self-reporting) process is inconsistent with GTL's argument (Doc. 137, at 39) that attempting to ascertain the class by allowing purported class members to "self-identify by affidavit" would implicate GTL's due-process rights. Again, there is no inconsistency. GTL's decision not to assert certain rights as part of a settlement of a different case does not at all support the argument that such rights do not exist or that GTL cannot assert them here.

Under the Due Process Clause, class-action defendants have the right not to be subject to class-action litigation on the basis of a class ascertained only by self-reporting. *See Karhu v. Vital Pharm., Inc.*, 621 F. App'x 945, 948 (11th Cir. 2015)

("[A]llowing class members to self-identify without affording defendants the opportunity to challenge class membership . . . implicate[s] [defendants'] due process rights") (internal quotation marks omitted); *Perez v. Metabolife Int'l, Inc.*, 218 F.R.D. 262, 269 (S.D. Fla. 2003) ("Although Plaintiffs suggested that class membership could be determined through affidavits and fact sheets, allowing such uncorroborated and self-serving evidence without giving Defendant an opportunity to challenge the class member's evidentiary submissions would likely implicate Defendant's due process rights."); *see also Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 594 (3d Cir. 2012) ("Forcing BMW and Bridgestone to accept as true absent persons' declarations that they are members of the class, without further indicia of reliability, would have serious due process implications."). That is because self-reporting can be inaccurate and self-serving. *See Fisher v. Ciba Specialty Chems. Corp.*, 238 F.R.D. 273, 302 (S.D. Ala. 2006) (noting risk that self-selection often cannot "reasonably be expected to produce reliable results"); *Marcus*, 687 F.3d at 594 ("We caution, however, against approving a method that would amount to no more than ascertaining by potential class members' say so.").

The fact that GTL agreed to a process that relies in part on self-identification *as part of a settlement* is not at all inconsistent with its argument here that GTL has a right not to have such a process imposed on it by court order. "[T]he essence of

-3-

settlement" is "compromise," *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984), and that is all the proposal in *James* reflects.

*Third*, Plaintiffs argue (at 4-5) that, if the notice methods in the *James* settlement are ultimately found to satisfy Rule 23 and the Due Process Clause, that would undermine GTL's ascertainability arguments here. But the issues are distinct.

In *James*, GTL does not contest that the proposed notice procedure satisfies Rule 23 and *the class members'* due-process rights. *See Adams v. S. Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1285-86 (11th Cir. 2007) (discussing due-process requirements concerning "notice sent to class members"). That has nothing to do — in that case or in this one — with whether class definition by self-report satisfies *GTL's* due-process right to a properly defined class. The most that can be said about that distinct due-process right, as noted above, is that GTL declined to press it when it agreed to compromise and settle *James*. Nothing similar has occurred here.[1]

---

[1] Moreover, using the settlement "as evidence" of ascertainability in this action is a purpose the agreement expressly forbids (*see* Mem. Ex. A § 3, at 11 [Doc. 265-1]), and doing so undermines the "strong judicial policy favoring settlement," *Bennett*, 737 F.2d at 986. If every settlement risked conceding defenses properly asserted in other related cases, the likely cost of settlement would increase, and compromises would more rarely be reached.

In addition, Plaintiffs' arguments contravene the settled principle that settlement classes and litigation classes are subject to distinct class-certification standards. (*Contra* Mem. 5 n.5 [Doc. 265].) As Plaintiffs concede, the Supreme Court has made clear that Rule 23's requirement that a class be "manageable" does not apply in the settlement context. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). In this Court, GTL argued, citing multiple cases, that ascertainment by self-identification presents serious administrative feasibility problems. (*See* Doc. 137, at 39); *see also cases cited supra* pp. 2-3. Plaintiffs offer no authority to the contrary — not in their supplemental filing, and not in their reply supporting their class-certification motion. Those feasibility obstacles, which are irrelevant in *James*'s settlement context, provide an ample basis to deny class certification.

## CONCLUSION

For the reasons set forth above and in Defendant's prior briefing, the Court should deny Plaintiffs' motion for class certification.

This 14th day of August, 2020.

                          */s/ Josh Belinfante*
                          Josh Belinfante
                          Georgia Bar No. 047399
                          Jeremy U. Littlefield
                          Georgia Bar No. 141539
                          Rachel Gage

Georgia Bar No. 547982
ROBBINS ROSS ALLOY BELINFANTE
  LITTLEFIELD LLC
500 14th Street, NW
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile: (404) 856-3250

Aaron M. Panner (*pro hac vice*)
Derek T. Ho (*pro hac vice*)
Benjamin S. Softness (*pro hac vice*)
KELLOGG, HANSEN, TODD, FIGEL &
  FREDERICK, P.L.L.C.
1615 M Street, N.W.
Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

*Attorneys for Defendant*

## **L.R. 7.1(D) CERTIFICATION**

I certify that this Response has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, this Motion has been prepared using 14-pt Times New Roman Font.

*/s/ Josh Belinfante*
Josh Belinfante

# CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the within and foregoing **DEFENDANT'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM REGARDING CLASS SETTLEMENT AGREEMENT AND NOTIFICATION PROCESS IN *JAMES*** with the Clerk of Court using the CM/ECF system, which will automatically send counsel of record e-mail notification of such filing.

This 14th day of August, 2020.

*/s/ Josh Belinfante*
Josh Belinfante
