UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BENSON GITHIEYA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | CASE NO.: 1:15-cv-986-AT |
| ) | |
| GLOBAL TEL*LINK CORP., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' NOTICE UPDATE REGARDING MOTION OT INTERVENE AND CONDITIONAL OBJECTION IN *JAMES***

Defendant Global Tel*Link ("GTL") files this brief response to address Plaintiffs' Notice of Filing and Status Update (the "Notice Update") regarding *James v. Global Tel Link*, D.N.J. Case No. 13-cv-04989-WJM-MF [Doc. 272]. As Plaintiffs referenced in the Notice Update, the New Jersey District Court will have a fairness hearing on the proposed settlement agreement on October 15, 2020. Only recently have Plaintiffs sought to intervene in that case; the New Jersey court has not ruled on their motion and has invited counsel to appear at the fairness hearing.

While the Notice Update seeks no relief, Plaintiffs have inaccurately described the record, as shown below, to support a claim that GTL took an

inconsistent position before the New Jersey court and this Court.  Out of an abundance of caution, GTL submits the following to complete the record before this Court and is prepared to address any other questions this Court may have about the status of the New Jersey action.

(1) When questioned by the Court on whether the release covered inactivity claims in this case, counsel for GTL's complete answer was, "Your Honor, I just think it is premature for – I can't take a position on that.  The settlement in *James* hasn't been approved.  That issue hasn't come before the court, and it may never."  (8/7/2020 Tr. at 22:18-23:6.)

(2) In *James*, GTL's brief argued that Plaintiffs' motion to intervene should be denied, and further that Plaintiffs' objection to the settlement should be overruled in the **hypothetical** scenario that the New Jersey district court allowed the intervention.  That GTL was addressing the hypothetical scenario in the event the Court needed to reach the question of the fairness of the release is clear in the heading of GTL's brief: "The Objection Should be Denied, **If Reached**."  (GTL Br. at 16 (attached as Ex. C to Pls.' Notice [Dkt. 272-3]) (emphasis added).  The body of GTL's brief further clarifies that the arguments regarding the potential preclusive effects of the release were made in the hypothetical – *e.g.*:

- "But the fact that the settlement or judgment here **might** preclude future liability for the same claims in a later-filed class action reflects nothing more than the settled doctrines of *res judicata*. . . . ."

- "And the fact that the release **might** have the effect of narrowing the dispute in *Githieya* is not unfair;"

- "The fact that such a release **may** extinguish the duplicative claims that the *Githieya* plaintiffs filed two years later is likewise wholly standard and appropriate;"

(*Id*. at 2, 9, and 16.)

This 12th day of October, 2020.

/s/ *Josh Belinfante*
Josh Belinfante
Georgia Bar No. 047399
Jeremy U. Littlefield
Georgia Bar No. 141539
Rachel Gage
Georgia Bar No. 547982
ROBBINS ROSS ALLOY BELINFANTE
  LITTLEFIELD LLC
500 14th Street, NW
Atlanta, Georgia 30318
Telephone:  (678) 701-9381
Facsimile:  (404) 856-3250

                Aaron M. Panner (*pro hac vice*)
                Derek T. Ho (*pro hac vice*)
                Benjamin S. Softness (*pro hac vice*)
                KELLOGG, HANSEN, TODD, FIGEL &
                  FREDERICK, P.L.L.C.
                1615 M Street, N.W.
                Suite 400
                Washington, D.C. 20036
                Telephone:  (202) 326-7900
                Facsimile:  (202) 326-7999

                *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the within and foregoing Response with the Clerk of Court using the CM/ECF system, which will automatically send counsel of record email notification of such filing.

This 12th day of October, 2020

/s/ *Josh Belinfante*
Josh Belinfante