# Exhibit 1

Settlement Agreement

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

BENSON GITHIEYA, *et al.*,

  Plaintiffs,

v.

GLOBAL TEL LINK CORP.,

  Defendant.

CIVIL ACTION NO:
1:15-CV-00986-AT

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement is made and entered into by and between Plaintiffs Benson Githieya, Darlene Byers, the Estate of Nellie Lockett, Michelle Mendoza, Sarai Morris, Betty Davis, and Adrian Mohamed (together, the "Class Plaintiffs"), on behalf of themselves and the Settlement Class defined below, and Defendant Global Tel*Link Corporation ("GTL"), in order to effectuate the final settlement and dismissal with prejudice of certain claims asserted against GTL in the above-captioned case on the terms set forth below and to the full extent reflected herein, subject to approval by the Court. Capitalized terms shall have the meaning ascribed to them in Section II of this Settlement Agreement.

## I.  RECITALS

A.      On April 3, 2015, Plaintiff Githieya filed a complaint in this Action, on behalf of himself and a putative nationwide class.  The complaint challenged GTL's Inactivity Policy for AdvancePay Accounts established through the IVR under federal and state law and sought an injunction, damages, attorneys' fees, and costs. Dkt. 1; *see also* dkt. 72 at 23; dkt. 178 at 2.

B.      GTL moved to compel Plaintiff Githieya to arbitrate his claims. The Court granted the motion, but the arbitrator ultimately determined Plaintiff Githieya's claims were not arbitrable.

C.      On October 23, 2017, the Court permitted Darlene Byers and Nellie Lockett to be added as plaintiffs in the Action, and Plaintiffs filed their Second Amended Class Action Complaint. Dkt. 71; *see also* dkt. 72.

D.      For nearly a year, the Parties engaged in extensive discovery, exchanging hundreds of thousands of pages of documents and data and taking more than half a dozen depositions. The Parties also engaged in significant motions practice, including multiple disputes regarding the scope of discovery, GTL's motion to dismiss all of Plaintiffs' claims, Plaintiffs' motion for class certification, and Plaintiffs' motion for sanctions.

E.      In their third amended complaint and later in their motion for class certification, the Class Plaintiffs asked the Court to certify the following class:

> All persons nationwide who (i) established and funded a prepaid account through GTL's interactive-voice-response ("IVR") system and (ii) had a positive account balance that was reduced to $0.00 due to account inactivity for 180 days or less.

Dkt. 178 at 14; dkt. 123-1 at 5.

F.      On November 30, 2020, the Court granted Plaintiffs' motion for class certification as to their claims for breach of contract and unjust enrichment.  The Court also modified the class definition, certifying a class defined as follows:

> All persons nationwide who (i) established and funded a prepaid account through GTL's interactive-voice-response ("IVR") system in order to receive telephone calls from a person incarcerated in Georgia or South Carolina, and (ii) had a positive account balance that was reduced to $0.00 due to account inactivity for 180 days or less on or after April 3, 2011.

Dkt. 278 at 17.

G.      On December 14, 2020, GTL filed a Petition for Permission to Appeal to the United States Court of Appeals for the Eleventh Circuit Pursuant to Federal Rule of Civil Procedure 23(f). The Eleventh Circuit declined to accept the appeal.

H.      In April 2021, Plaintiffs sought leave to conduct discovery in support of a planned motion to expand the class definition to include all persons nationwide

3

affected by GTL's Inactivity Policy, and the Court granted that request. In addition, on June 18, 2021, Plaintiffs filed a motion to add Plaintiffs Michelle Mendoza, Sarai Morris, Betty Davis, and Adrian Mohamed.

I.      Following several months of discovery, the Parties agreed to stay any further proceedings to permit them to engage in settlement discussions and mediation.

J.      On September 30, 2021, and October 1, 2021, the Parties engaged in a mediation before Hunter R. Hughes, III. Following that mediation, the Parties reached agreement on the material terms of settlement by executing a Confidential Settlement Term Sheet. The Parties agreed to set forth their agreement more fully in a mutually agreeable settlement agreement, which is subject to court approval.

K.      Class Counsel have conducted a detailed examination of the facts, law, and evidence relating to the Action, including documents, data, and other information produced by GTL during pre-certification discovery, post-certification discovery, and in connection with the Parties' settlement discussions and mediation, and have concluded that this Settlement provides substantial benefits to the Class Plaintiffs and the Settlement Class (as defined below), and resolves all issues regarding GTL's Inactivity Policy for Settlement Class Members that were or could have been raised in the Action without prolonged litigation and the risks and uncertainties inherent in

litigation. The Class Plaintiffs and Class Counsel have further concluded that this Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class.

L.     GTL denies any wrongdoing in connection with its Inactivity Policy and has asserted a variety of defenses. Nonetheless, without admitting or conceding any wrongdoing, liability, or damages, GTL consents to the Settlement and to certification of the Settlement Class for purposes of this Settlement only in order to avoid the expense, inconvenience, and inherent risk of continued litigation.

M.     Nothing in this Settlement or Settlement Agreement shall be construed as an admission or concession by GTL of the truth of any allegations raised in the Action or of any fault, wrongdoing, liability, or damages of any kind. This Agreement is made for settlement purposes only, and neither the fact of, nor any specific provision contained in this Agreement nor any action taken hereunder shall constitute, or be construed as, any admission of the validity of any claim or any fact alleged by Plaintiffs or by any other person included within the Class of any wrongdoing, fault, violation of law, or liability of any kind on the part of the Released Parties. GTL denies that it has engaged in any wrongdoing or that it has engaged in any other unlawful conduct as alleged in the Complaint. This Agreement constitutes a

compromise pursuant to Fed. R. Evid. 408(a) and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable. It shall not be offered or be admissible, either in whole or in part, as evidence against any of the Released Parties, except in any action or proceeding to enforce its terms.

**NOW, THEREFORE**, in consideration of the foregoing and the mutual covenants, promises, and general releases set forth below, and subject to preliminary and final approval of the Court, the Parties hereby agree as follows:

## II.   DEFINITIONS

A.   "Action" means *Githieya, et al. v. Global Tel*Link Corporation*, Civil Action No. 1:15-CV-00986-AT (N.D. Ga.).

B.   "AdvancePay Account" means the prepaid deposit accounts that GTL maintains and that an AdvancePay Accountholder may use to speak to persons incarcerated in facilities that GTL services, including those at issue in the Action.

C.   "AdvancePay Accountholder" means a person who establishes and maintains an AdvancePay Account.

D.   "CAFA Notice" means the notice sent pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 to the appropriate federal and state officials as identified in 28 U.S.C. § 1715(a).

E.     "Case-Contribution Award" means the Court-approved award, if any, to the individual Class Plaintiffs, as defined in Section VII.B.

F.     "Claim Amount" means the aggregate amount of funds GTL retained from a Settlement Class Member's AdvancePay Account as a result of GTL's Inactivity Policy from April 3, 2011 to October 6, 2021.  For clarity, this definition is intended to include all instances in which and all amounts by which any Settlement Class Member's positive AdvancePay Account balance was reduced to $0.00 due to GTL's Inactivity Policy during the Class Period.

G.     "Claiming Settlement Class Members" means those members of the Settlement Class described Section IV.C.i.

H.     "Claim Deadline" means the date by which a Settlement Class Member must submit a Claim Form to be eligible for the benefits described under Section IV.C.i, which date will be specified in the Class Notice. The Claim Deadline will be one-hundred and twenty (120) days after the Class Notice Date.

I.     "Claim Form" means the one-page claim form, as further described in Section XI.A, that Settlement Class Members must complete and submit on or before the Claim Deadline to be eligible for the benefits described under Section IV.C.i.

J.     "Class Account" means the account established to receive and maintain funds contributed on behalf of GTL for the benefit of the Settlement Class, including Class Plaintiffs and Settlement Class Members.

K.     "Class Counsel" shall mean Michael A. Caplan, James W. Cobb, and T. Brandon Waddell of Caplan Cobb LLP; Barry Goldstein and Linda M. Dardarian of Goldstein, Borgen, Dardarian, and Ho; and James Radford of Radford & Keebaugh, LLC.

L.     "Class Notice" means the notice of the Settlement to be made available to the Settlement Class on the Settlement Website.

M.     "Class Notice List" means a list generated by the Settlement Administrator as set forth in Section X.A.i of all AdvancePay Accountholders nationwide who may be part of the Settlement Class.

N.     "Class Notice Period" means the period between the Notice Date and the deadline by which Claim Forms must be postmarked 120 days thereafter.

O.     "Class Plaintiffs" means Benson Githieya, Darlene Byers, the Estate of Nellie Lockett, Michelle Mendoza, Sarai Morris, Betty Davis, and Adrian Mohamed.

P.     "Class Period" means the period that begins on (and includes) April 3, 2011, and that concludes on October 6, 2021.

Q.    "Compliance Term" means the period of time that begins on the Effective Date and ends five years later, during which GTL's obligations under Section IV.D shall continue in effect; provided, however, that such period will be tolled during any period of material non-compliance by GTL with the obligations described in Section IV.D.

R.    "Costs and Expenses" means the actual costs, expenses, and disbursements Class Counsel have incurred in connection with the Action and not already been paid by GTL, which amount shall not exceed $250,000.00.

S.    "Court" means the United States District Court for the Northern District of Georgia.

T.    "Current AdvancePay Accountholders" shall mean Settlement Class Members who have an active AdvancePay Account on the Effective Date and had accounts that became subject to the Inactivity Policy during the Class Period.

U.    "Effective Date" shall mean the date on which each and all of the following conditions have occurred:

    i.    This Settlement Agreement has been fully executed by counsel to the Parties;

      ii.      Orders have been entered by the Court certifying the Settlement Class, granting preliminary approval of this Settlement, and approving the forms of Class Notice and Claim Form;

      iii.      The Settlement Class Notice has issued in accordance with the Preliminary Approval Order; and

      iv.      The Final Approval Order has become Final.

V.    "Emailed Class Notice" means the individual notice of this Settlement and with a cover email in a form recommended by the Settlement Administrator that, subject to approval by the Court, shall be e-mailed by the Settlement Administrator, at the direction of Counsel for the Parties, to Class Members using the list of email addresses for persons on the Class Notice List generated by the Settlement Administrator.

W.    "Execution Date" means the first date on which counsel to all Parties to this Settlement Agreement have signed the Settlement Agreement.

X.    "Extended Automatic Credit Period" shall mean the two-year period beginning on the Effective Date during which a Former AdvancePay Accountholder who does not submit a Valid Claim Form may receive credits pursuant to Section VI.C.ii if he or she reactivates his or her AdvancePay Account. The Extended

Automatic Credit Period shall expire on the earlier of (i) the second anniversary of the Effective Date or (ii) the date the Settlement Fund is exhausted.

Y.     "Fairness Hearing" means the hearing at which the Court will consider final approval of the Settlement.

Z.     "Final" when referring to the Final Approval Order means that (1) the Final Approval Order is a final, appealable judgment; and (2) either (i) no appeal has been taken from the judgment as of the date on which all deadlines to appeal therefrom have expired; or (ii) an appeal or other review proceeding of the judgment was taken and is either dismissed or affirms the order or judgment in all material respects and is no longer subject to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for rehearing *en banc*, petitions for writ of certiorari, or otherwise.

AA.   "Final Approval Date" means the date on which the Final Approval Order is entered by the Court.

BB.   "Final Approval Order" means the order and judgment by the Court that finally approves the Settlement and this Settlement Agreement pursuant to Federal Rule of Civil Procedure 23 and dismisses the action with prejudice.

CC.   "Former AdvancePay Accountholders" shall mean Settlement Class Members who do not have an active AdvancePay Account on the date of the Final Approval Order.

DD.   "GTL" means Defendant Global Tel*Link Corporation.

EE.   "Inactivity Policy" means GTL's policy or practice of reducing an AdvancePay Account balance to zero as a result of account inactivity for 180 days or less.

FF.   "IVR" means the automated telephone system maintained by GTL that AdvancePay Accountholders may use to establish and fund their AdvancePay Accounts.

GG.   "IVR Script" means the pre-recorded voice prompts GTL utilizes on the IVR.

HH.   "Mailed Class Notice" means the individual notice of this Settlement that, subject to Court Approval, shall be mailed by the Settlement Administrator, at the direction of Counsel for the Parties, to Settlement Class Members using the list of mailing addresses for persons on the Class Notice List generated by the Settlement Administrator.  The Mailed Class Notice shall include a tear-off Claim Form.

II.     "Notice and Administrative Costs" means the reasonable and authorized costs and expenses of disseminating and publishing the Emailed Class Notice; Mailed Class Notice; Published Class Notice; Reminder Notice; and any other forms of notice authorized or required under the Court-approved notice program, and all reasonable and authorized costs and expenses incurred by the Settlement Administrator in administering the Settlement, including, but not limited to, costs and expenses associated with assisting members of the Settlement Class, processing claims, holding Class Account funds, and issuing and mailing payments to eligible Settlement Class Members.

JJ.     "Notice Date" means the initial date that Mailed Class Notice and Emailed Class Notice are sent to the Settlement Class and the Published Class Notice is published in accordance with Section X.

KK.     "Opt-Out" means a member of the Settlement Class who properly and timely submits a request for exclusion from the Settlement Class as set forth in Section XII.B. An Opt-Out rescinds his or her request for exclusion by submitting a Claim Form to the Settlement Administrator to obtain benefits under the Settlement.

LL.   "Opt-Out List" means the list compiled by the Settlement Administrator identifying those members of the Settlement Class who properly and timely submit a request for exclusion from the Settlement Class and become Opt-Outs.

MM.   "Opt-Out Request" means a request to be excluded from the Settlement submitted by a Settlement Class Member as set forth in Section XII.B.

NN.   "Parties" means the Class Plaintiffs together with GTL.

OO.   "Preliminary Approval Date" means the date the Preliminary Approval Order has been executed and entered by the Court.

PP.   "Preliminary Approval Order" means the Order described in Section IX and entered by the Court preliminarily approving the Settlement.

QQ.   "Published Class Notice" means the notice such forms as recommended by the Settlement Administrator that, subject to the Court's approval, shall be disseminated to Settlement Class Members by publication as described in Section X.

RR.   "Release" means the mutual release and discharge as of the Effective Date described in Section VI, including (but not limited to) the release and discharge by the Class Plaintiffs and all Settlement Class Members of all Released Claims against the Released Parties.

SS.    "Released Claims" means any and all claims that were brought or could have been brought in the Action, including, but not limited to, any and all claims arising out of or relating to the Inactivity Policy.

TT.    "Released Parties" shall refer individually and collectively, as appropriate, to Global Tel*Link Corporation and its past and present parent companies, subsidiaries, joint ventures, partnerships, affiliates, controlled entities, assignees, and all of their respective predecessors, assigns, and successors-in-interest, and all of their respective present or former directors, officers, members, shareholders, agents, employees, representatives, administrators, insurers, and indemnitees.

UU.    "Releasing Party" or "Releasing Parties" shall refer individually and collectively, to the Settlement Class, including the Class Plaintiffs and the Settlement Class Members, each on behalf of themselves and their respective predecessors and successors; their current and former, direct and indirect parents, subsidiaries, and affiliates; their present and former shareholders, partners, directors, officers, owners of any kind, principals, members, agents, employees, contractors, attorneys, insurers, heirs, executors, administrators, devisees, representatives; their assigns of all such persons or entities, as well as any person or entity acting on behalf of or through any of them in any capacity whatsoever, jointly and severally; and any of their past,

present and future agents, officials acting in their official capacities, legal representatives, agencies, departments, commissions, and divisions. As used in this Section, "affiliates" means entities controlling, controlled by, or under common ownership or control with, in whole or in part, any of the Releasing Parties.

VV.   "Reminder Notice" means the notice of the settlement that will be sent to all Former AdvancePay Accountholders on the Class Notice List by email who have not submitted a Claim Form within 90 days after the Notice Date to remind those Class Members of their rights to submit a Claim Form.

WW. "Settlement," "Settlement Agreement," or "Agreement" means this Settlement Agreement and Release, including all exhibits hereto.

XX.   "Settlement Administrator" means Rust Consulting, Inc.

YY.   "Settlement Class" means all persons who fall within the definition of the class identified in Section III.A.

ZZ.   "Settlement Class Notice Program" means the process devised by the Parties and the Settlement Administrator, and approved by the Court, for notifying the Settlement Class of the Settlement and Settlement Agreement, as described in Section X.

AAA. "Settlement Class Members" means all persons in the Settlement Class who do not exclude themselves (*i.e.*, become Opt-Outs) pursuant to Section XII.B. "Settlement Class Members" includes any persons to whom notice has not been directed through the Settlement Class Notice Program but who nonetheless submit a Valid Claim Form.

BBB. "Settlement Website" means the dedicated website created and maintained by the Settlement Administrator, which will contain relevant documents and information about the Settlement, including this Settlement Agreement, the Class Notice, the Claim Form, and information about the filing and processing of Claims.

CCC. "Valid Claim Form" means a Claim Form completed and timely submitted by a Settlement Class Member and approved as described in Section XI.

DDD. The plural of any defined term includes the singular, and vice versa, as made necessary in context.

### III.   PROPOSED CLASS FOR SETTLEMENT PURPOSES

A.     Pursuant to Federal Rule of Civil Procedure 23(e), the Parties agree to certification for settlement purposes only of the following Settlement Class:

> All persons nationwide who (i) established and funded a prepaid account through GTL's interactive-voice-response ("IVR") system and (ii) had a positive account balance that was reduced to $0.00 due to account

inactivity for 180 days or less on or after April 3, 2011, and through and including October 6, 2021.

B.    Class Plaintiffs, through Class Counsel, shall submit to the Court a motion for Preliminary Approval of this Agreement. Class Counsel will provide a copy of the proposed motion reasonably in advance of the date of filing to GTL.  The Parties shall take all reasonable actions as may be necessary to obtain Preliminary Approval of this Agreement.   The Preliminary Approval Motion shall seek the appointment of the following as counsel for the Settlement Class:

Michael A. Caplan
James W. Cobb
T. Brandon Waddell
**CAPLAN COBB LLP**
75 Fourteenth Street, NE, Suite 2750
Atlanta, Georgia 30309
(404) 596-5600 – Office
(404) 596-5604 – Facsimile
mcaplan@caplancobb.com
jcobb@caplancobb.com
bwaddell@caplancobb.com

Barry Goldstein, *admitted pro hac vice*
Linda M. Dardarian, *admitted pro hac vice*
**GOLDSTEIN, BORGEN,**
**DARDARIAN & HO**
155 Grand Avenue, Suite 900
Oakland, California 94612
(510) 763-9800
bgoldstein@gbdhlegal.com
ldardarian@gbdhlegal.com

James Radford
Georgia Bar No. 108007
**RADFORD & KEEBAUGH, LLC**
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
(678) 271-0300
james@decaturlegal.com

C.     Class Counsel will prepare a motion seeking an order from the Court making a preliminary finding, solely for the purposes of settlement, that (i) the Class Plaintiffs and Class Counsel are adequate representatives of the Settlement Class; and (ii) the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a) and (b)(2) and (b)(3).

D.     In the event that the Settlement Agreement is terminated pursuant to Section XIV, any certification of the Settlement Class shall be deemed vacated *nunc pro tunc*, the Action shall proceed as if the Settlement Class had never been certified, and no reference to the Settlement Class, this Settlement Agreement, or any other Settlement documents, shall be made for any purpose in the Action or in any other action or proceeding. For the avoidance of doubt, GTL's agreement to certification for settlement purposes shall not be deemed an admission that class certification is proper for litigation purposes, and Plaintiffs agree not to argue that this Agreement supports class certification for litigation purposes.

## IV.   BENEFITS TO CLASS

A.     <u>Settlement Fund</u>. Subject to the Final Approval of this Settlement and Settlement Agreement, and in consideration of the release of the Released Claims, GTL agrees to pay, on behalf of itself and the Released Parties, a maximum of $67

million in cash and credits combined (the "Settlement Fund") to be distributed in accordance with the terms of this Settlement Agreement. The Parties agree and acknowledge that none of the foregoing amounts paid by or on behalf of GTL under this Agreement shall be deemed to be, in any way, a penalty or a fine of any kind, nor shall it be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the Released Parties.

    i.   This Settlement Fund shall be used to satisfy the payments and credits to Settlement Class Members set forth in Sections IV.B–C below; any Attorney's Fees, Expenses, and Costs awarded by the Court to Class Counsel; the Case-Contribution Awards to the Class Plaintiffs; and the Notice and Administrative Costs. The "Net Settlement Consideration" means the amount available for distribution to Class Members, calculated as the Settlement Fund less amounts approved by the Court for Attorney's Fees, Expenses, and Costs; the Case-Contribution Awards to the Class Plaintiffs; and the Notice and Administrative Costs, plus any interest earned by the Class Account. In no case will GTL's financial obligations under this Settlement Agreement exceed the Settlement Fund.

ii.      Not later than thirty (30) days of the later of (i) the Effective Date or (ii) the date of the Settlement Administrator's final determination of Claim Amounts and written communication of the final determination to GTL and Class Counsel, GTL shall transfer to the Class Account an amount equal to the sum total of the Claim Amounts for all Settlement Class Members who submitted Valid Claim Forms plus the sum total of all Case-Contribution Awards as described in Section VII.B. For clarity, GTL is not obligated to transfer the maximum amount of the Settlement Fund described in Section IV.A; instead, it is obligated to transfer to the Class Account only those dollars that the Claims Administrator has identified as being owed to persons who have submitted Valid Claim Forms. Any interest that accrues on the settlement funds in the Class Account before that amount is distributed by the Settlement Administrator will be added to the Class Account.  If, for any reason, a person submitting a Valid Claim Form does not collect, tender, or otherwise accept a settlement amount within one hundred and eighty (180) days of transmission, the Settlement Administrator shall return such funds to GTL.

B.      Payments to Current AdvancePay Accountholders. For Settlement Class Members who are Current AdvancePay Accountholders, GTL shall undertake best

efforts to, within twenty-one (21) days of the Effective Date, but in no event later than thirty (30) days from the Effective Date, pay such Settlement Class Member's Claim Amount by automatically crediting the Claim Amount to the Class Member's account without the need for such Settlement Class Member to submit a Claim Form or otherwise demonstrate his or her entitlement to the Claim Amount. Credits provided pursuant to this paragraph are not refundable or redeemable for cash or its equivalent. Within forty-five (45) days of the Effective Date, GTL shall provide to Class Counsel and the Settlement Administrator a list identifying the Current AdvancePay Accountholders to whom such credits have been provided and stating the amount of credits made to each such Current AdvancePay Accountholder.  Credits issued pursuant to this paragraph shall count, on a dollar-for-dollar basis, against the Net Settlement Consideration.

     C.   <u>Payments to Former AdvancePay Accountholders</u>.

       i.   For Members of the Settlement Class who are not Current AdvancePay Accountholders and who submit a Valid Claim Form, each such Claiming Settlement Class Member's Claim Amount shall be paid by the Settlement Administrator by check, prepaid debit card, electronic payment, or such other means as the Settlement Administrator shall deem appropriate

within 30 days of the later of (i) the Effective Date or (ii) the date of the Settlement Administrator's final determination of Claim Amounts ("Settlement Administrator Payment Date"). Within seven (7) days of the Settlement Administrator Payment Date, the Settlement Administrator shall provide to Counsel to the Parties a list identifying the Former AdvancePay Accountholders to whom such payments have been made and stating the amount of payments made to each such Former AdvancePay Accountholder. Payments issued pursuant to this paragraph shall count, on a dollar-for-dollar basis, against the Net Settlement Consideration.

ii.     If any Former AdvancePay Accountholder who is a Class Member does not submit a timely and Valid Claim Form but reactivates his or her AdvancePay Account during the Extended Automatic Credit Period, GTL shall provide such Class Member's Claim Amount in the form of credit for future use of services in a form of credit equivalent to the amount such Class Member otherwise would have received had the Class Member filed a timely claim. GTL shall not require any additional information from such Class Member for such Class Member to be entitled to such credit.  Credits for future use issued pursuant to this paragraph shall count, on a dollar-for-dollar basis, as part of

23

the Net Settlement Consideration.  Credits issued pursuant to this provision shall not be refundable or able to be converted into cash payment for any reason.  During the Extended Automatic Credit Period, GTL shall, on a semi-annual basis starting 180 days from the date of the beginning of the Extended Automatic Credit Period, provide to Class Counsel a list of the Former AdvancePay Accountholders to whom credits have been paid during the prior six-month period of the Extended Automatic Credit Period and stating the amount of payments made to each such Former Advance Pay Accountholder. The information provided to Class Counsel pursuant to this paragraph shall be treated as confidential and not distributed to third parties unless disclosure is required by a court of competent jurisdiction.

iii.     For the avoidance of doubt, if the Net Settlement Consideration is totally depleted as a result of the claims of Claiming Settlement Class Members made in accordance with the terms of this Settlement Agreement under Section IV.C.i (after deducting credits issued under Section IV.B), the Claim Amount paid to such Claiming Settlement Class Members shall be reduced on a *pro rata* basis such that each Claiming Settlement Class Member is paid the maximum reduced percentage of the Claim Amount available before exhaustion of the

24

Settlement Fund and GTL shall have no further obligation to pay credits to Former AdvancePay Accountholders during the Extended Automatic Credit Period as defined in Section IV.C.ii. Alternatively, if the Net Settlement Consideration is depleted during the Extended Automatic Credit Period, then GTL's obligation to pay any further credits during the Extended Automatic Credit Period shall be extinguished and the Extended Automatic Credit Period shall expire. In the event that the Net Settlement Consideration is fully depleted prior to the expiration of the Extended Automatic Credit Period, GTL shall provide written notice to Class Counsel that the Settlement Fund has been depleted and include an accounting of the amounts paid out of the Settlement Fund. The express intent of this Settlement Agreement is that GTL's obligation to make payments and provide credits under this Settlement Agreement shall be limited to the amount of the Settlement Fund.

D.     Non-Monetary Provisions.

i.     *Existing Changes.*  The Parties recognize that GTL has already undertaken changes to its Inactivity Policy prior to the entry of this Settlement Agreement.

ii.      *Term of Compliance with Non-Monetary Terms*. GTL's obligations under this Section IV.D shall continue in effect for five years from the Effective Date; provided, however, that such period will be tolled during any period of material non-compliance with those obligations.

iii.      *Lengthen Baseline Inactivity Policy to 180 Days*. Within 120 days of the Effective Date and continuing throughout the Compliance Term, and subject to the provisions of Section IV.E, GTL shall adopt a baseline policy that lengthens the period of time before the Inactivity Policy will be applied to any AdvancePay Account from 90 days to 180 days nationwide. On a prospective basis, GTL will identify its baseline policy as maintaining AdvancePay Accounts in an active status until the 181st day of inactivity. Within 120 days of the Effective Date, GTL will initiate the process of taking actions as required by law and regulation, including but not limited to changing tariffs where necessary as determined solely by GTL, to reflect this amended 180-day Inactivity Policy. Within 120 days of the Effective Date and continuing through the Compliance Term, GTL will add to and maintain on the homepage of its relevant website a banner that shall state: "Please be advised, once created, your AdvancePay account will become inactive after 180

consecutive days of inactivity or non-use unless such time is shorter or longer based on governing law or contract. If an account is used by the account holder at any point in the inactivity period, the inactivity period will be reset. Information regarding reactivation of an account and refunds are detailed in the terms of use and can be discussed with customer service. If your contact information is provided to GTL, and you opt-in to receiving notification messages, you will receive notice of the scheduled expiration of your account no later than 30 days before the account expires." GTL will maintain this baseline Inactivity Policy and required website posting throughout the Compliance Term.

iv.     *Notice of and Assent to Baseline Inactivity Policy in IVR Account-Establishment Process.* Within 120 days of the Effective Date, and continuing throughout the Compliance Term, GTL agrees to and will incorporate into its IVR Script a disclosure that (1) describes the baseline Inactivity Policy and expressly discloses that the AdvancePay Account may become inactive and, upon becoming inactive, any remaining funds may be subject to forfeiture; and (2) states that any unused funds remaining in the AdvancePay Account can be refunded by contacting customer service at any time within the period of time

established by the baseline Inactivity Policy. The IVR shall require an AdvancePay Accountholder who creates an account by IVR to manifest assent to the baseline Inactivity Policy by pressing a button. It is understood and agreed that GTL may also reference other terms and conditions in connection with such assent.

     v.     *Notice on AdvancePay Website.* Beginning 120 days after the Effective Date and continuing throughout the Compliance Period, GTL will maintain on the homepage of its relevant website an enhanced disclosure and explanation of its baseline Inactivity Policy set forth above in Section IV.D.iii, along with instructions for how to (i) reopen an AdvancePay Account that has been affected by the Inactivity Policy and (ii) obtain a refund of unused funds.

     vi.     *Notice of Baseline Inactivity Policy in Other Communications.* Throughout the Compliance Term, GTL will include enhanced disclosures similar to those set forth in Section IV.D.iii in connection with any materials that market or advertise AdvancePay Accounts that are printed and distributed more than 120 days after the Effective Date.

     vii.     *Training of Customer Service Personnel.* Within 120 days of the date on which the Final Approval Order becomes Final, GTL will revise its

operative training documents to include enhanced disclosures regarding its inactivity and refund policies similar to those set forth in Section IV.D.iii. Within 45 days of the Effective Date, GTL will train all current GTL call-center and customer-service personnel regarding the changes to GTL's Inactivity Policy and its refund policy that are implemented or are to be implemented under this Settlement Agreement. Throughout the Compliance Term, GTL will provide such training to all new call-center and customer-service personnel hired more than 45 days after the Effective Date.

viii.    *Refund Policy.* GTL shall permit any individual to obtain a refund of any balance remaining in any AdvancePay Account at any time during the period of time the account remains active; provided, however, this paragraph shall not be a limitation on the separate and distinct relief provided in Section IV.C.ii of this Settlement Agreement.

ix.    *Pre-Forfeiture Notification.* Within 120 days of the Effective Date, GTL will provide AdvancePay Accountholders the opportunity to opt into receiving pre-forfeiture notification via text message that will inform the AdvancePay Accountholder that any balance remaining in his or her AdvancePay Account is subject to forfeiture in 30 days if the account remains

inactive and that the AdvancePay Accountholder may request a refund of the remaining balance within those 30 days. In order to receive the pre-forfeiture notice by text message, an AdvancePay Accountholder must provide GTL with his or her cellular phone number and affirmatively agree to receive notifications by text message. For AdvancePay Accountholders who will be impacted by GTL's Inactivity Policy in less than 30 days from the date on which GTL provides the opt-in notice described above, GTL will send a one-time pre-forfeiture notification by text message that indicates that his or her account will expire in the next 30 days if the account remains inactive or the accountholder does not seek either a refund or to reactivate the account. In addition, GTL will undertake best efforts to provide, within 120 days of the date on which the Final Approval Order becomes Final (but not later than 180 days), an opportunity for AdvancePay Accountholders to opt into pre-forfeiture notices by email pursuant to a similar process as set forth above for pre-forfeiture notice by text messages, and GTL shall provide a similar pre-forfeiture email to any AdvancePay Accountholder who so opts in. The parties will jointly request that the Court's final order approving the settlement will include an express finding

that this text or other notice shall not be deemed a marketing communication or a violation of the Telephone Consumer Protection Act ("TCPA").

E.    Compliance with Other Law. This Settlement Agreement is subject to state, local, and federal laws and regulations, and provisions in existing contracts or procurements that have been issued as of October 6, 2021, that govern GTL and its business practices. Nothing in this Settlement Agreement shall require the Parties to take any act that is incompatible with a change in law or regulation. In addition, nothing in this Settlement Agreement will limit or prohibit GTL from responding to or contracting with a governmental or other entity in the ordinary course with the understanding that GTL shall substantially comply with the provisions of Section IV.D.

F.    The Parties agree and acknowledge that none of the amounts paid by or on behalf of GTL under this Settlement Agreement or any act GTL agrees to undertake pursuant to this Settlement Agreement shall be considered or deemed to be, in any way, a penalty or a fine of any kind, nor shall it be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the Released Parties.

## V.    NON-ADMISSION OF LIABILITY

A.    <u>Non-Admission of Liability.</u> This Settlement Agreement is made for settlement purposes only, and neither the fact of, nor any specific provision contained in this Settlement Agreement nor any action taken hereunder shall constitute, or be construed as, any admission of the validity of any claim or any fact alleged by the Class Plaintiffs or by any other person included within the Settlement Class of any wrongdoing, fault, violation of law, or liability of any kind on the part of the Released Parties. GTL denies that it has engaged in any wrongdoing or that it has engaged in any other unlawful conduct as alleged in the Complaint. This Settlement Agreement constitutes a compromise pursuant to Fed. R. Evid. 408(a) and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable. It shall not be offered or be admissible, either in whole or in part, as evidence against any of the Released Parties, except in any action or proceeding to enforce its terms.

## VI.    MUTUAL RELEASES

A.    If the Final Approval Order approving this Settlement Agreement becomes Final, then the Class Plaintiffs, in consideration of this Settlement Agreement and the benefits extended to the Settlement Class, on behalf of themselves, the Settlement Class Members, and each Settlement Class Member, and his/her

respective successors, assigns, past, present, and future parents, subsidiaries, joint venturers, partnerships, related companies, affiliates, directors, officers, shareholders, employees, agents, representatives, servants, partners, executors, administrators, assigns, predecessors, descendants, dependents, and heirs, fully release and forever discharge the Released Parties from the Released Claims, arising on or before the Effective Date.

B.    If the Final Approval Order approving this Settlement Agreement becomes Final, then GTL, on behalf of itself and its past and present parent companies, subsidiaries, joint ventures, partnerships, affiliates, controlled entities, assignees, and all of their respective predecessors, assigns, and successors-in-interest, and all of their respective present or former directors, officers, members, shareholders, agents, employees, representatives, administrators, insurers, and indemnitees, fully releases and forever discharges the Class Plaintiffs from any and all claims that were or could have been brought by GTL or any of them against the Class Plaintiffs in this Action arising on or before the Effective Date.

C.    This Agreement may be pleaded as a full and complete defense to, and may be used as the basis for a temporary restraining order or preliminary or permanent injunction against, any action, suit, or other proceeding, which has been or may be

instituted, prosecuted, continued to be prosecuted, or attempted, asserting any of the
Released Claims.

      D.     Class Plaintiffs and Class Counsel acknowledge that GTL considers it to
be a material term of this Settlement Agreement that the provisions of this Section VI
and Section IV.A–C, among other paragraphs, will bind all members of the Settlement
Class who have not opted out pursuant to the procedure set forth in Section XII.

      E.  In addition to the provisions of this Section VI, the Releasing Parties
hereby expressly waive and release, solely with respect to the Released Claims,
upon Final Judgment, any and all provisions, rights, and benefits conferred by
Section 1542 of the California Civil Code, which states:

> CERTAIN CLAIMS NOT AFFECTED BY GENERAL
> RELEASE. A GENERAL RELEASE DOES NOT
> EXTEND TO CLAIMS WHICH THE CREDITOR
> DOES NOT KNOW OR SUSPECT TO EXIST IN HIS
> OR HER FAVOR AT THE TIME OF EXECUTING THE
> RELEASE, WHICH IF KNOWN BY HIM OR HER
> MUST HAVE MATERIALLY AFFECTED HIS OR
> HER SETTLEMENT WITH THE DEBTOR;

or by any law of any state or territory of the United States, or principle of common
law, which is similar, comparable, or equivalent to Section 1542 of the California
Civil Code. Each Releasing Party may hereafter discover facts other than or
different from those which he, she, or it knows or believes to be true with respect to

the claims which are released pursuant to the provisions of Section 16, but each

Releasing Party hereby expressly waives and fully, finally, and forever settles and

releases, upon Final Judgment, any known or unknown, suspected or unsuspected,

contingent or non-contingent claim that the Releasing Parties have agreed to release

pursuant to Section 16, whether or not concealed or hidden, without regard to the

subsequent discovery or existence of such different or additional facts.

## VII.   ATTORNEYS' FEES, EXPENSES, AND COSTS AND CASE-CONTRIBUTION AWARDS

A.    <u>Attorneys' Fees, Expenses, and Costs</u>. Class Counsel are entitled to an

award of reasonable attorneys' fees, expenses, and costs, which will be determined

by the Court.

      i.    On or before the date set by the Court in the Preliminary Approval

Order, which will be at least fourteen (14) days before the deadline for Class

Members to object to the Settlement, the Parties agree that Class Counsel will

file an unopposed Motion for Attorneys' Fees, Expenses, and Costs requesting

that the Court to award Class Counsel attorneys' fees in the amount of

$18,425,000.00 ("Attorneys' Fees"), an amount GTL agrees is reasonable

under the specific circumstances of this litigation. The Parties further

acknowledge that the Court's has already awarded some attorneys' fees to Class Counsel. Dkt. 277.

ii.     In the unopposed Motion for Attorneys' Fees, Expenses, and Costs, Class Counsel, in addition to seeking the Attorneys' Fees set forth in Section VII.A.i, the Parties agree that Class Counsel will seek recovery of the Costs and Expenses they have incurred in connection with the Action, which amount shall not exceed $250,000.00, an amount GTL agrees is reasonable under the specific circumstances of this litigation.

iii.     Payment by GTL of Attorneys' Fees and Costs and Expenses pursuant to this Section, if and as approved by the Court, will completely satisfy any and all obligations on GTL's part or on the part of the other Released Parties to pay attorneys' fees and costs with respect to this Lawsuit. The Released Parties shall have no responsibility or liability whatsoever regarding the payment of attorneys' fees and costs other than as set forth in this Section.

iv.     Any attorneys' fees and expenses that are awarded by the Court shall be paid to Class Counsel by GTL within fourteen (14) days of the District Court's order approving the attorneys' fees and expenses award. GTL shall make such payment by wire transfer into a bank account designated by lead

Class Counsel, Caplan Cobb LLP. GTL shall pay the attorneys' fees, expenses, and costs notwithstanding the existence of any timely filed objections to the attorneys' fees, expenses and costs award, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof subject to Class Counsel's personal guarantee (attached hereto as Exhibit A) that they shall make appropriate refunds or repayments to GTL if the Settlement is terminated pursuant to Section XIV of this Settlement Agreement or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees, expenses, and costs is reduced or reversed and such order reducing or reversing the award becomes Final. Class Counsel shall make the appropriate refund or repayment in full no later than fourteen (14) days after the later of: (a) giving or receiving notice that the Settlement has been terminated or cancelled; or (b) the date any order reducing or reversing the award of attorneys' fees, expenses, and/or costs has become Final.

v.      An award of attorneys' fees, expenses, and/or costs is not a necessary term of this Settlement Agreement and is not a condition of the Settlement embodied herein.

B.   <u>Case-Contribution Awards</u>. The Parties agree that Class Plaintiffs will apply for Case-Contribution Awards not to exceed $25,000 to be paid directly to each Class Plaintiff.

      i.     The parties acknowledge that, as of the Execution Date, the availability of such awards is uncertain as a result of the decision of the United States Court of Appeals for the Eleventh Circuit in *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244, 1248 (11th Cir. 2020) ("*Johnson*"). The parties further acknowledge, however, that, as of the Execution Date, the mandate has not issued in *Johnson* and that decision is therefore not final.

      ii.     GTL will not oppose a request by the Class Plaintiffs that the Court conditionally approve Case-Contribution Awards to the Class Plaintiffs as contemplated in this section, provided that *Johnson* is reversed, overturned, amended, or otherwise revised to permit such awards during the Compliance Term.

      iii.     In the event that *Johnson* is reversed, overturned or otherwise revised to permit such awards during the Compliance Term, GTL shall pay the Case-Contribution Awards to the Class Plaintiffs within 30 days of such reversal, overturning or revision.  In the event that *Johnson* is not reversed,

overturned, or otherwise revised to permit such awards during the Compliance Term, GTL shall have no obligation to pay any Case-Contribution Awards.

C.    Attorneys' Fees, Expenses, and Costs Are Distinct from Benefits to Class. The procedure for and the grant or denial or allowance by the Court of Class Counsel's attorneys' fees, reimbursement of costs and expenses, and Class Plaintiff Case-Contribution Awards are considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to the applications for attorneys' fees, reimbursement of Costs and Expenses, and Case-Contribution Awards, or any appeal from any order relating thereto or the reversal, reduction, or modification thereof, will not operate to terminate or cancel this Agreement, or affect or delay the finality of the Final Approval Order approving the Settlement Agreement and the Settlement.

D.    Cooperation Regarding Valuation of Non-Monetary Benefits of Settlement. GTL will reasonably cooperate in providing information necessary to value the non-monetary terms of the Settlement Agreement by providing Plaintiffs with such documentation of expenses incurred in connection with implementation of the non-monetary terms. GTL will not be required to retain any expert or otherwise provide any opinion of value. In the event Plaintiffs retain an expert to value the non-

monetary terms, GTL will reasonably cooperate by providing information and documents requested by such expert, so long as the requests are not unduly burdensome or oppressive. Any disputes arising out of this Section VII.D shall be subject the dispute-resolution procedure set forth in Section XV.B.

## VIII.  AGREEMENT TO EFFECTUATE SETTLEMENT AND FACILITATE FINAL APPROVAL

A.     The Parties agree to cooperate and utilize their best efforts to effectuate the implementation of the Settlement and this Settlement Agreement, including providing any information to Counsel to the Parties or the Settlement Administrator reasonably necessary to ensure compliance with and implementation of the Settlement and the terms of this Settlement Agreement. The Parties and their respective Counsel further agree to support entry of the Final Approval Order, including in connection with any proceedings before the Final Approval Order becomes Final (including any motion for reconsideration, motion for re-argument, motion for rehearing, motion to amend the judgment, appeal, petition for writ of certiorari, or any other writ or objection).

B.     The Parties agree to undertake their respective best efforts to effectuate the Settlement as set forth in this Agreement. The Parties shall encourage the Court to approve the Settlement and this Settlement Agreement, and shall not encourage

persons included within the Settlement Class to object to the Court's approval of the Settlement and this Settlement Agreement or to opt out of the Class or to object to any portion hereof, including the Award of Attorneys' Fees, Expenses, and Costs or Case-Contribution Awards.

C.     Without limiting the generality of the foregoing, GTL expressly agrees to and not to oppose the Motion for Entry of the Preliminary Approval Order; the Motion for Final Approval; Class Counsel's Motion for an Award of Attorneys' Fees, Expenses, and Costs; and the Motion for Case-Contribution Awards to the Class Plaintiffs.

### IX.   ANNOUNCEMENT AND PRELIMINARY APPROVAL

A.     <u>Settlement Announcement and Stay</u>. As soon as practicable, but in no event later than fourteen (14) days after the Execution Date, the Parties shall jointly provide notice to the Court that they have executed this Agreement and move the Court to extend the stay of all proceedings until such time as the Court determines whether to approve this Agreement.

B.     <u>Motion for Entry of Preliminary Approval Order</u>. As soon as practicable, but in no event later than ten (10) business days after the Execution Date, Class Counsel shall move the Court for a Preliminary Approval Order preliminarily

approving this Settlement Agreement and the Settlement Class Notice Program ("Motion for Preliminary Approval") pursuant to the procedure set forth in Section III.B of this Agreement.

      C.    <u>Preliminary Approval Order</u>. In connection with the motion for entry of a preliminary approval order, the Class Plaintiffs will submit a Proposed Preliminary Approval Order to the Court, which Plaintiffs shall provide to GTL reasonably in advance of filing for input.  GTL agrees to support entry of the Proposed Preliminary Approval Order. The Proposed Preliminary Approval Order shall, among other things:

      i.    Preliminarily approve this Settlement Agreement.

      ii.    Preliminarily certify the Settlement Class.

      iii.    Find that the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant providing notice to the Settlement Class.

      iv.    Find that the Settlement Class Notice Program: (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons

entitled to receive notice; and (iv) meets all requirements of applicable law, including the Due Process Clause.

     v.       Appoint the Settlement Administrator.

     vi.      Approve the Claim Form and set a Claim Deadline.

     vii.     Approve the form of Reminder Notice and expressly authorize and instruct the Settlement Administrator to send the Reminder Notice via email.

     viii.     Require any member of the Settlement Class who wishes to exclude himself or herself from the Settlement Class to submit an appropriate, timely Opt-Out Request, postmarked no later than the Opt-Out Date, or as the Court may otherwise direct, to the Settlement Administrator at the address on the Class Notice.

     ix.     Order that any member of the Settlement Class who does not submit a timely, written Opt-Out Request that satisfies the requirements set out in Section XII.B (*i.e.*, who becomes an Opt-Out) will be bound by all proceedings, orders, and judgments in the Action, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

x.     Establish a schedule for the Parties to seek to obtain from the Court the Final Approval Order finally approving the Settlement.

xi.     Schedule a date and time for a Fairness Hearing to determine whether the Settlement will be finally approved by the Court.

xii.     Require any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of this Settlement or Settlement Agreement to file with the Court and serve on Class Counsel and GTL's Counsel no later than the Objection Date, or as the Court may otherwise direct, a statement of the objection signed by the objecting Settlement Class Member that contains all of the information set forth in Section XII.A.

xiii.     Order that any response to an objection shall be filed with the Court no later than seven (7) days prior to the Fairness Hearing.

xiv.     Specify that any Settlement Class Member who does not raise a timely objection to the Settlement or who fails to otherwise comply with applicable requirements for objections set forth in Section XII.A shall be foreclosed from seeking any adjudication or review of this Settlement.

xv.     Require that any attorney hired by a Settlement Class Member for the purpose of objecting (a) to the proposed Settlement, (b) the Attorneys' Fees,

Expenses, and Costs Award and/or (c) the Case-Contribution Awards and/or who intends to make an appearance at the Fairness Hearing shall file with the Clerk of the Court and provide to the Settlement Administrator (who shall forward it to Class Counsel and GTL's Counsel) a notice of intention to appear no later than the Objection Date or as the Court may otherwise direct.

xvi.    Direct the Settlement Administrator to establish a post office box and email address in the name of the Settlement Administrator to be used for receiving requests for exclusion, Claim Forms, and any other communications from Settlement Class Members, and providing that only the Settlement Administrator, Class Counsel, GTL's Counsel, the Court, the Clerk of the Court, and their designated agents shall have access to this post office box and email account, except as otherwise provided in this Settlement Agreement.

xvii.    Direct the Settlement Administrator to create and maintain the Settlement Website consistent with the terms of Section X.C, including that Class Members shall be permitted to submit Claim Forms, requests for exclusion, and any other communications to the Settlement Administrator via the Settlement Website.

xviii.     Direct that Class Counsel shall file their Motion for an Award of Attorneys' Fees, Expenses, and Costs Award and Motion for Case-Contribution Awards to the Class Plaintiffs at least fourteen (14) Days prior to the Objection Date.

xix.     Order the Settlement Administrator to provide the final Opt-Out List to Class Counsel and GTL's Counsel no later than seven (7) Days after the Opt-Out Date and then file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof no later than five (5) Days thereafter or on such other date as the Parties or Court may direct.

xx.     Preliminarily enjoin all Settlement Class Members from (i) filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitral, or other proceeding in any jurisdiction based on the Released Claims; (ii) filing, commencing, participating in, or prosecuting a lawsuit or administrative, regulatory, arbitral, or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released

46

Claims; or (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitral, or other proceeding based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims. Notwithstanding the foregoing, this provision, and any other provision of the Settlement Agreement, does not prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

    xxi.    Issue such other orders or relief as necessary to effectuate the preliminary approval of the Settlement and this Settlement Agreement.

## X. CLASS NOTICE

A.    After Preliminary Approval, and subject to approval by the Court:

    i.    The Settlement Administrator shall prepare the Class Notice List in consultation with the Parties as follows:

    a.    *Class Member Data.* To permit the Settlement Administrator to prepare the Class Notice List, GTL shall, no later than fourteen (14) business days after the Execution Date, supplement the class data environment GTL previously created in connection with this Action so that it contains all available transaction-history records, credit card data,

47

and monthly breakage reports for individuals affected by GTL's Inactivity Policy from April 3, 2011, through and including October 6, 2021. GTL shall provide access to the Settlement Administrator to the class data environment and reasonably permit all permissions and resources necessary to discharge the Settlement Administrator's work. To permit Class Counsel and Class Plaintiffs to continue to discharge their obligations to members of the Settlement Class, GTL shall continue to permit access to the data environment by experts designated by Class Counsel subject to the terms upon which such access was originally provided until the Effective Date.

b.     *Confirmed IVR-Established and Funded Accounts.* The Settlement Administrator shall include in the Class Notice List any AdvancePay Accountholder reflected in GTL's transaction history records who had a positive account balance that was reduced to $0.00 due to account inactivity for 180 days or less on or after April 3, 2011 and for whom the AdvancePay Accountholder's transaction history report reflects a "NewAccount" classification of "IVR," "Backend," or

"AdvancePayPortal" and an initial "Deposit" classification of "IVR," "ICM," or "Backend."

c.    *Confirmed Non-IVR Accounts.*    The Settlement Administrator shall exclude in the Class Notice List any AdvancePay Accountholder in GTL's transaction history records who had a positive account balance that was reduced to $0.00 due to account inactivity for 180 days or less on or after April 3, 2011 and for whom the AdvancePay Accountholder's transaction history report reflects had a "NewAccount" or first "Deposit" designation of "CARES," "Lockbox," "Lockbox Processor," or "Web. " or some other indication on which Class Counsel and GTL agree in writing that the individual's account was not established and funded by GTL's IVR system.

d.    *"Non-Confirmed" Accounts.*    The Settlement Administrator shall include in the Class Notice List any AdvancePay Accountholder who had a positive account balance that was reduced to $0.00 due to account inactivity for 180 days or less on or after April 3, 2011 and for whom GTL's available transaction history records are not definitively included in the Class Notice List as set forth in Section X.A.i.b or definitively

excluded from the Class Notice List as set forth in Section X.A.i.c ("Non-Confirmed Account"); provided, however, that in the event that (i) GTL demonstrates that available credit card data has been compiled and maintained in a reliable manner and (ii) the analysis of available credit card data does not slow down the provision of notice on the schedule set forth in this Agreement, such available credit card data may be used to exclude any from the Class Notice List any Non-Confirmed Account if such credit card data reliably demonstrates that the AdvancePay Accountholder's first deposit (as reflected in the transaction history records) was made by a method other than IVR.

e.    *Deleted Accounts.*    The Settlement Administrator shall also include in the Class Notice List any AdvancePay Accountholder who may be identified from GTL's monthly breakage reports as having a positive account balance that was reduced to $0.00 due to account inactivity for 180 days or less on or after April 3, 2011 but for whom GTL deleted or otherwise did not retain the AdvancePay Accountholder's transaction-history record ("Deleted Account").    Credit card data shall not be used to exclude any Deleted Account from the

Class Notice List.  GTL retains the right to present evidence to Class Counsel and the Claims Administrator on the eligibility of a person claiming to be a Class Member and subject to this provision.

ii.       No later than twenty-eight (28) days after the entry of the Preliminary Approval Order, the Mailed Class Notice shall be mailed and the Emailed Class Notice shall be emailed by the Settlement Administrator, at the direction of Counsel for the Parties, to all individuals on the Class Notice List Any questions relating to notice provided to individual members of the Class shall be directed to the Settlement Administrator, which shall answer questions raised by Class Counsel or GTL.

iii.      The Emailed Class Notice shall be sent to each email address that is either (i) reflected in GTL's records as associated with an account on the Class Notice List or (ii) that the Settlement Administrator generates utilizing a reverse look-up procedure for each AdvancePay Account on the Class Notice List.

iv.      The Mailed Class Notice shall be mailed to the physical address reflected in GTL's records for each AdvancePay Account on the Class Notice

List for which GTL has such information, as updated by the Settlement Administrator through referencing the NCOA database.

v.    Claim Forms shall be included with the Mailed Class Notice and Emailed Class Notice.

vi.    The Published Class Notice, or a reasonable description and link to the Published Class Notice, shall be published under a plan developed by Settlement Administrator that, when combined with the Mailed Class Notice, Emailed Class Notice and Prison Legal News publication, is reasonably and efficiently designed to reach at least 70% of Settlement Class Members and includes any claims-stimulation efforts as recommended by the Settlement Administrator. The Published Class Notice, or a reasonable description and link to the Published Class Notice, shall also be published in the Prison Legal News on two occasions, the first of which will be no later than twenty-eight (28) days after the entry of the Preliminary Approval Order, and the second of which will be at least thirty (30) days before the Claim Deadline.

vii.    The Mailed Class Notice, Emailed Class Notice, Published Class Notice, and Reminder Class Notice will be submitted to the Court for approval in connection with the Motion for Preliminary Approval.

viii.    On or within one week of the 90th day after the Notice Date, the

Settlement Administrator shall send a Reminder Notice in such manner as the

Settlement   Administrator   recommends   to   all   Former   AdvancePay

Accountholders on the Class Notice List who have not yet submitted a Claim

Form.  Such Reminder Notice may be sent via email only.

B.    Statutory Settlement Notice (CAFA). The Settlement Administrator

shall send the CAFA Notice required by 28 U.S.C. § 1715 to the appropriate federal

and state officials as identified in 28 U.S.C. § 1715(a) within ten (10) days after the

Motion for Preliminary Approval is filed with the Court.

C.    Settlement Website. The Settlement Administrator shall establish and

maintain a Settlement Website that shall be made publicly available no later than

twenty-one (21) days after entry of the Preliminary Approval Order, which shall be

maintained until the conclusion of the Notice Period.

i.    The Settlement Website shall include copies of this Settlement

Agreement, the Preliminary Approval Order, the Claim Form, and the Class

Notice.

ii.    The Settlement Administrator shall ensure that Settlement Class

Members may utilize the Settlement Website to submit Claim Forms, any other

claim-related information, and requests for exclusion to the Settlement Administrator, as well as pose any questions regarding the Settlement or Settlement Agreement that the Settlement Administrator will respond to in a period not to exceed three (3) business days.

D.     The Parties agree that the methods of Notice set forth in this Section constitute the best form of Notice to the Settlement Class that is practicable under the circumstances and that the Settlement Class Notice Program described herein satisfies all applicable legal standards, including the Due Process Clause. The Settlement Administrator shall also provide an opinion that the Settlement Class Notice Program described herein is reasonably designed to maximize the likelihood of reaching the largest number of Settlement Class Members.

E.     All Notice and Administrative Costs shall be paid by GTL from the Settlement Fund. Once the Court enters the Preliminary Approval Order, GTL will pay the Notice and Administration Costs arising under this Settlement Agreement by making such payments directly to the Settlement Administrator (or to such other party incurring such costs) as those costs are incurred and payment becomes due.

F.     Within fourteen (14) days of the close of the Class Notice Period, the Settlement Administrator shall prepare and provide to Class Counsel and counsel for

GTL a declaration(s) setting forth the total number of notices that were sent under the Settlement Class Notice Program to Settlement Class Members; the number of such notices which were successfully mailed; the number of such notices that were returned as undeliverable as addressed (hereinafter "UAA"); the number of UAA notices which were re-sent to Settlement Class Members; and the number of UAA notices which were re-sent successfully.

G.     The Settlement Administrator shall be designated in each variety of notice provided to Settlement Class Members as the entity to contact if a Settlement Class Members chooses to exclude himself/herself from the settlement.

H.     Within fourteen (14) days of Opt-Out Date, the Settlement Administrator shall prepare and provide to Class Counsel and counsel for GTL a declaration(s) stating:

  i.     The total number of Opt-Outs,

  ii.    The name, telephone number, and address, for any Opt-Outs; and

  iii.   The total number of Settlement Class Members who the Settlement Administrator determines to have submitted an untimely or non-compliant Opt-Out Request.

I.     The Settlement Administrator shall be designated in each variety of notice provided to Settlement Class Members as the entity to contact (via the Settlement Website, mail, electronic mail, and/or telephone) if they have any questions concerning the Notice or the Settlement.

J.     No later than twenty-one (21) days prior to the Fairness Hearing, the Settlement Administrator shall provide to Class Counsel a declaration(s) reflecting that the Settlement Class Notice Program has been executed in accordance with the Settlement Agreement and Preliminary Approval Order, which will be filed with the Court.

## XI.    CLAIMS PROCESS

A. Settlement Class Members who are Former AdvancePay Accountholders are entitled to recover the Claim Amount if they timely submit a complete and Valid Claim Form to the Settlement Administrator (either electronically or in paper form) that sets forth the phone number(s) associated with their account(s) and their current address. Claim Forms shall be submitted by and signed by the Settlement Class Member, under penalty of perjury, by mailing the form to the Settlement Administrator, emailing a scanned copy of the signed Claim Form to the Settlement Administrator, or by uploading the signed Claim Form to the Settlement

Website. Claims for recovery in accordance with Sections IV.C.i and XI.A shall be submitted to the Settlement Administrator, which will validate and administer claims and benefits.

B.      Claims may be submitted beginning on the Notice Date and for a period of 120 days thereafter. Claims submitted outside that period will not be valid. Any Settlement Class Member who files a Claim Form that is not substantially complete or in compliance with the Claim Form instructions shall be notified of the deficiency by the Settlement Administrator and shall have twenty-one (21) days to resolve any defects and submit a corrected, complete Claim Form. Any Settlement Class Member who fails to resolve such defects to the Settlement Administrator's satisfaction shall be deemed not to have submitted a Valid Claim Form. The Settlement Administrator shall have the authority to make a final determination regarding the validity and amount of any such claim, which shall be final, binding, and not subject to further review.

C.      The Settlement Administrator will provide the Parties' counsel with monthly reports during the Class Notice Period that set forth the number of claims filed, the number of claims determined to be valid, the approximate value of the valid claims, and the number of claims determined to be invalid.

## XII.   OBJECTIONS AND OPT-OUT RIGHTS

A.   <u>Procedure for Objections to Settlement</u>. The Parties agree to the following procedures for Objections to the Settlement:

i.      Any person seeking to object to the fairness, reasonableness, or adequacy of the proposed Settlement must be a Settlement Class Member. A person that has opted out of the Settlement Class cannot object to the Settlement.

ii.      Each Settlement Class Member who wishes to object to any term of this Settlement Agreement must do so in writing by filing a written objection with the Clerk of the Court and mailing it to the Parties' respective counsel at the addresses set forth in Section XVI.

iii.      Any such objection must be filed with the Clerk of the Court and received by the Parties' respective counsel no later than sixty (60) days from the Notice Date.

iv.      Any such objection must:

a. Identify the Settlement Class Member by name;

b. Identify the Settlement Class Member's current street address and current e-mail address (if any);

c.  Identify the phone number(s) associated with the Settlement Class Member's Advance Pay Account(s) during the Class Period;

d.  Attach copies of any materials that will be submitted by or on behalf of the objecting Class Member to the Court or presented at the Fairness Hearing;

e.  Be signed by the Settlement Class Member;

f.  If the Settlement Class Member is represented by counsel, provide such counsel's name, address, telephone number, and e-mail address; and

g.  Clearly state in detail the legal and factual ground(s) for the objection.

v.     Any objection that fails to satisfy the requirements of this Section, or that is otherwise not properly or timely submitted, shall be deemed ineffective and waived, and the Parties will jointly argue that the Settlement Class Member asserting any such ineffective, waived objection may not have his or her objection heard or otherwise considered by the Court.

B.     <u>Procedure for Opting Out.</u> The parties agree to the following procedure for Settlement Class Members who wish to opt out of the Settlement Class:

i.      A Settlement Class Member who wishes to opt out of the Settlement Class must do so in writing by mailing a written Opt-Out Request requesting exclusion from the Settlement to the Settlement Administrator at the addresses set forth in the Notice.

ii.      Any Opt-Out Request must be postmarked no later than sixty (60) days from the Notice Date.

iii.      The request must:

      a.      Identify the Settlement Class Member by name;

      b.      Identify the Settlement Class Member's current street address and current e-mail address (if any);

      c.      Identify the phone number(s) associated with the Settlement Class Member's Advance Pay account(s) during the Class Period;

      d.      Be signed by the Settlement Class Member; and

      e.      If the Settlement Class Member is represented by counsel, provide such counsel's name, address, telephone number, and e-mail address.

iv.      A member of the Settlement Class may opt-out on an individual basis only. So-called "mass" or "class" opt-outs, whether filed by third parties

60

on behalf of a "mass" or "class" of class members or by multiple class members where no personal statement has been signed by each and every individual Settlement Class Member, shall not be considered valid or effective.

      v.      Any member of the Settlement Class who opts out but also files a Claim Form before the Claim Deadline shall be deemed to have rescinded his or her opt out.

      vi.      Any Opt-Out Request that fails to satisfy the requirements of this Section or that has not been properly or timely sent shall be deemed ineffective. If such an Opt-Out Request is deemed ineffective, the Settlement Class Member shall be deemed to have waived any right to opt out from the Settlement and shall be deemed a Settlement Class Member for all purposes under this Agreement.

C.    The instructions for objecting to or opting-out of the Settlement shall be recited in the Notice.

D.    All Settlement Class Members will be bound by the terms of the Settlement Agreement upon the Effective Date, regardless of whether they file a Claim Form or receive any monetary relief from the Settlement, unless they timely opt out consistent with the procedure set forth in Section XII.B.

E.     Any member of the Settlement Class who properly opts out of the Settlement Class shall not: (i) be bound by any orders or judgments entered in the Action or relating to the Settlement; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement.

F.     The Settlement Administrator shall provide Class Counsel and GTL's Counsel with the updated Opt-Out List as part of the monthly reporting requirements set forth in Section XI.C and shall provide the Parties with the final Opt-Out List within seven (7) Days after the Opt-Out Date.

## XIII.  FINAL APPROVAL AND FINAL JUDGMENT

A.     If the Court grants Preliminary Approval of this Settlement Agreement, Class Plaintiffs, through Class Counsel, shall, in accordance with the schedule set forth in the Court's Preliminary Approval Order, submit to the Court a separate motion for Final Approval of this Settlement Agreement. The motion for Final Approval shall seek entry of an order and Final Judgment that:

i.     Finally approves the Settlement as a fair, reasonable, and adequate settlement for the Settlement Class within the meaning of Federal Rule of Civil Procedure 23, and directs that the Settlement be implemented, performed, and

consummated in full pursuant to the terms and conditions set forth in this Settlement Agreement;

ii.      Finds (1) that the Court has personal jurisdiction over the Class Plaintiffs, GTL, and all Settlement Class Members and (2) that the Court has subject-matter jurisdiction to approve the Settlement and Settlement Agreement;

iii.      Certifies the Settlement Class solely for purposes of this Settlement;

iv.      Finds that the Settlement Class Notice Program: (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, of their rights to object to or exclude themselves from the proposed Settlement, and of their right to appear at the Fairness Hearing; (iii) constituted reasonable, due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) met all requirements applicable law, including the Due Process Clause;

v.       Finds that Class Counsel and the Class Plaintiffs adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and Settlement Agreement;

vi.      Dismisses the Action with prejudice;

vii.     Orders the Class Plaintiffs and Settlement Class Members to discharge the Released Parties of and from all further liability to the Class Plaintiffs and Settlement Class Members with respect to the Released Claims (but not as to any obligations created or owed pursuant to this Settlement Agreement);

viii.    Permanently bars and enjoins Class Plaintiffs and Settlement Class Members from bringing, filing, commencing, prosecuting (or further prosecuting), or intervening in any other lawsuit, arbitration, or administrative, regulatory, or other proceeding or cause of action in law or equity that asserts the Released Claims or from receiving any settlement consideration in any other lawsuit, arbitration, or administrative, regulatory, or other proceeding or cause of action in law or equity based on the Released Claims;

ix.      Approves payment of the Attorneys' Fees, Expenses, and Costs Award and Case-Contribution Awards, as determined by the Court;

x.      Approves the Opt-Out List and determines that the Opt-Out List is a complete list of all Settlement Class Members who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Settlement as finally approved;

xi.     Reserves continuing and exclusive jurisdiction over the Settlement for all purposes except as to the provisions set out in Section IV.D, as more fully explained in Section XV.B; and

xii.    Determines under Fed. R. Civ. P. 54(b) that there is no just reason for delay and directs that the judgment of dismissal as to the Released Parties shall be final and appealable and entered forthwith.

B.      The Parties shall take all reasonable steps necessary to obtain Final Approval of the Settlement.

C.      If the Final Approval Order becomes Final, all Settlement Class Members who have not excluded themselves from the Settlement Class shall be bound by this Settlement Agreement.

## XIV.  WITHDRAWAL FROM OR TERMINATION OF SETTLEMENT

A.    Within fourteen (14) days after the occurrence of any of the following events, and upon written notice to counsel for all Parties, a Party shall have the right to withdraw from the Settlement and terminate this Settlement Agreement:

i.    If the Court materially alters any of the terms of the Settlement Agreement (however, as set out in Section VII.A.v and VII.C, a reduction in the Attorneys' Fees, Expenses, and Costs Award or the Case-Contribution Awards shall not be deemed to be a material alteration); or

ii.    If the Final Approval Order is not entered by the Court or is reversed, modified, or vacated on appeal.

B.    In the event of withdrawal by any Party in accordance with the terms set forth in this Section, the Settlement Agreement shall be null and void, shall have no further force and effect with respect to any Party in the Action, and shall not be offered in evidence or used in any litigation for any purpose, including the existence, certification, or maintenance of any proposed or existing class or the amenability of these or similar claims to class treatment. In the event of such withdrawal, this Settlement Agreement and all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to GTL, Class

Plaintiffs, and the Settlement Class Members, and shall not be deemed or construed to be an admission or confession in any way by any Party of any fact, matter, or proposition of law and shall not be used in any manner for any purpose, and the Parties to the Action shall stand in the same position as if this Settlement Agreement had not been negotiated, made, or filed with the Court.

## XV.   DISPUTE RESOLUTION

A.   <u>Consent to Jurisdiction</u>. Except as set forth in Section XV.B, the Parties and any Releasing Parties hereby irrevocably submit to the exclusive jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement, including, but not limited to, relating to the validity, enforceability, applicability, and enforcement of this Settlement Agreement. Without limiting the generality of the foregoing, it is hereby agreed that any dispute concerning the provisions of Section IV, including but not limited to, any suit, action, or proceeding in which the provisions of Section IV is asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, constitutes a suit, action, or proceeding arising out of or relating to this Settlement Agreement that shall be brought and maintained exclusively in the Court. In the event that the provisions of Section IV are asserted by any Released Party as a

defense in whole or in part to any claim or cause of action or otherwise raised as an objection in any suit, action or proceeding, the Parties agree that the Released Party shall be entitled to a stay of that suit, action, or proceeding until the Court has entered a judgment that has become Final determining any issues relating to the defense or objection based on such provisions. Solely for purposes of such suit, action, or proceeding, to the fullest extent possible, the Parties and any Releasing Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the *in personam* jurisdiction of the Court. Nothing in the foregoing shall be construed as a submission to jurisdiction for any purpose other than enforcement or interpretation of this Settlement Agreement.

B.    <u>Arbitration of Certain Disputes</u>. The Parties agree that the Court shall have the authority and continuing jurisdiction to enforce all portions of the Settlement Agreement except for the provisions set out in Section IV.D. If Class Counsel believe that GTL has not substantially complied with any provision of Section IV.D of this Settlement Agreement, as it relates to class-wide non-monetary relief, Class Counsel shall first notify GTL of the alleged breach and provide GTL 30 days to meet and confer regarding any alleged non-compliance, and an additional

15 days to cure any alleged non-compliance. If the Parties cannot resolve the issue

informally, the alleged non-compliance will be decided by arbitration at JAMS in

Fulton County, Georgia pursuant to JAMS Streamlined Arbitration Rules &

Procedures. In the event Joe Loveland is available to arbitrate the dispute, the parties

shall use Joe Loveland as arbitrator, and the Parties waive any conflict of interest

arising out of Joe Loveland's potential service as arbitrator. In the event Joe

Loveland is not available and R. Wayne Thorpe is available to arbitrate the dispute,

then the parties shall use R. Wayne Thorpe as arbitrator. In the event that neither Joe

Loveland nor R. Wayne Thorpe are available, then the parties shall select the

arbitrator pursuant to JAMS rules. Any arbitration pursuant to this Section XV.B

shall be subject to the requirements of the Federal Arbitration Act. Nothing in this

Settlement Agreement shall permit the arbitrator to void or reform any of GTL's

contracts. GTL shall bear the expenses of any arbitration brought pursuant to this

Section XV.B. If the Arbitrator determines, in his/her sole discretion that the claims

brought by Class Counsel in any arbitration brought under this Section XV.B are

frivolous, Class Counsel shall bear the expenses of such arbitration. In all events, the

Parties shall each pay their own respective attorneys' fees in any such arbitration.

Nothing herein shall prevent either party from seeking relief in aid of arbitration in a

court of competent jurisdiction. Consistent with Section IV.E and for the avoidance of all doubt, nothing in this provision shall limit GTL from responding to or contracting with a governmental or other entity in the ordinary course.

## XVI.  OTHER PROVISIONS

A.    <u>Notices</u>. All notices (other than the Class Notice and CAFA Notice) under this Settlement Agreement shall be in writing. Each such notice shall be given by email and either by: (a) hand delivery; (b) registered or certified mail, return receipt requested, postage pre-paid; or (c) Federal Express or similar overnight courier.

i.    All notices to the Settlement Class or Class Counsel shall be sent to:

> Michael A. Caplan
> James W. Cobb
> T. Brandon Waddell
> **CAPLAN COBB LLP**
> 75 Fourteenth Street, NE, Suite 2750
> Atlanta, Georgia 30309
> mcaplan@caplancobb.com
> jcobb@caplancobb.com
> bwaddell@caplancobb.com
>
> and
>
> James Radford
> **RADFORD & KEEBAUGH, LLC**

> 315 W. Ponce de Leon Ave.
> Suite 1080
> Decatur, Georgia 30030
> (678) 271-0300
> james@decaturlegal.com

    ii.       All notices to GTL shall be sent to:

> Josh Belinfante
> Jeremy U. Littlefield
> Evan C. Dunn
> ROBBINS ROSS ALLOY BELINFANTE
> LITTLEFIELD LLC
> 500 14th Street, NW
> Atlanta, Georgia 30318
> josh.belinfante@robbinsfirm.com
> jeremy.littlefield@robbinsfirm.com
> evan.dunn@robbinsfirm.com

    iii.     The notice recipients and addresses designated above may be changed by written notice in the manner described in this provision.

B.    <u>Authorization to Enter this Agreement</u>.

    i.       The undersigned counsel to GTL represents that he is fully authorized to conduct settlement negotiations on behalf of GTL and further covenants and represents that he has obtained the consent and authorization of GTL and is fully authorized to enter into and to execute this Settlement Agreement on behalf of GTL and on behalf of the Released Parties.

71

ii.     Class Counsel represent that they are fully authorized to conduct settlement negotiations on behalf of the Class Plaintiffs and the Settlement Class and are fully authorized to enter into and execute the Settlement Agreement on behalf of the Settlement Class.  Class Counsel further represent that they have obtained the consent and authorization of each of the Class Plaintiffs to execute this Agreement on their behalf.

C.     <u>Entire Agreement</u>. This Settlement Agreement represents the entire agreement by and among the Parties and each Party makes no other representation or warranty upon which the other can rely other than as set forth in this Settlement Agreement. This Settlement Agreement supersedes any prior discussions, agreements, or understandings among the Parties, as well as any and all prior drafts of this Settlement Agreement.

D.     <u>Amendment, Modification, Waiver</u>. This Settlement Agreement may be amended or modified only by a written instrument signed by the Parties. After the Final Approval Order of this Settlement Agreement becomes Final, any amendment to or modification of this Settlement Agreement will require Court approval unless such changes are consistent with the Final Approval Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under this Settlement

72

Agreement. Amendments and modifications may be made without notice to the Settlement Class unless notice is required by law or by the Court. The waiver by any Party of any particular breach of this Settlement Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Settlement Agreement. This Settlement Agreement does not waive or otherwise limit the Parties' rights and remedies for any breach of this Settlement Agreement. Any breach of this Settlement Agreement may result in irreparable damage to a Party for which such Party will not have an adequate remedy at law. Accordingly, in addition to any other remedies and damages available, the Parties acknowledge and agree that, except as provided in Section XV.B, the Parties may immediately seek enforcement of this Settlement Agreement by means of specific performance or injunction, without the requirement of posting a bond or other security.

      E.    <u>No Third-Party Beneficiaries</u>. No provision of this Settlement Agreement shall provide any rights to, or be enforceable by, any person or entity that is not a Party, Released Party, Class Plaintiff, Settlement Class Member, or Class Counsel.

F.     <u>No Rescission on Grounds of Mistake</u>. The Parties acknowledge that they have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so. Therefore, the Parties will not seek to set aside any part of the Settlement Agreement on the grounds of mistake. Moreover, the Parties understand, agree, and expressly assume the risk that any fact not recited, contained, or embodied in the Settlement Agreement may turn out hereinafter to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that the Settlement Agreement shall be effective in all respects notwithstanding any such difference in facts and shall not be subject to termination, modification, or rescission by reason of any such difference in facts. Even if such possible differences exist, GTL and the Class Plaintiffs, on behalf of themselves and the Settlement Class Members, agree and acknowledge that this Settlement Agreement shall nevertheless remain fully binding and effective.

G.     <u>Interpretation</u>. For the purpose of construing or interpreting this Settlement Agreement, the Parties agree that the Settlement Agreement has been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party. Any prior drafts may not be used to construe or interpret this Settlement

74

Agreement. The terms of this Settlement Agreement are contractual in nature and not mere recitals.

       H.    <u>Binding Effect</u>. The terms of this Settlement Agreement are and shall be binding upon, and inure to the benefit of, each of the Parties and their administrators, agents, assigns, attorneys, executors, heirs, partners, representatives, predecessors-in-interest, and successors, as well as upon all other persons claiming any interest in the subject matter of this Settlement Agreement by or through any of the Parties hereto including any Settlement Class Members who do not opt out following the procedure outlined in Section XII.B. Without limiting the generality of the foregoing, once the Final Approval Order approving this Settlement Agreement becomes Final, each and every covenant and agreement herein by the Class Plaintiffs shall be binding upon all Settlement Class Members and Releasing Parties who have not validly excluded themselves from the Class.

       I.    <u>Choice of Law</u>. All terms of this Settlement Agreement and the other documents contemplated herein shall be governed by and interpreted according to the substantive laws of the State of Georgia, without regard to its choice of law or conflict of laws principles.

J.      <u>Headings</u>. The headings contained in this Settlement Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Settlement Agreement.

K.      <u>Integration of Exhibits</u>. The exhibits to this Settlement Agreement are hereby incorporated and made a part of the Settlement Agreement.

L.      <u>Sole Remedy</u>. If the Final Approval Order approving of this Settlement Agreement becomes Final, this Settlement Agreement shall provide the sole and exclusive remedy for any and all Released Claims against any Released Party, and the Releasing Parties shall be forever enjoined and barred from initiating, asserting, maintaining, or prosecuting any and all Released Claims against any Released Party.

M.      <u>Calculating Dates under this Settlement Agreement</u>. If the date for performance of any act required by or under this Settlement Agreement to be performed on a particular day or within a specified period of time falls on a Saturday, Sunday, or legal or Court holiday, such act may be performed upon the next business day which is not a Saturday, Sunday, or legal or Court holiday, with the same effect as if the act had been performed on the day or within the period of time specified by or under this Settlement Agreement.

N.     <u>No Admission</u>. Whether or not the Final Approval Order approving of this Settlement Agreement becomes Final or this Settlement Agreement is terminated, this Agreement and its contents, and any and all statements, negotiations, documents, and discussions associated with it, are not and shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the Released Parties. Nothing in this Agreement shall affect the application of Federal Rule of Evidence 408 in any instance where it would otherwise apply.

O.     <u>Jurisdiction</u>. Except as provided in Section XV.B, the United States District Court for the Northern District of Georgia has jurisdiction over the Parties to this Settlement Agreement and the Settlement Class.

P.     <u>Voluntary Settlement</u>. This Settlement Agreement was negotiated in good faith and at arms' length by the Parties and their counsel and reflects a resolution that was reached voluntarily after consultation with competent counsel and the participation of a neutral mediator.

Q.     <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute a single agreement. Facsimile or Electronic Mail signatures shall be considered as valid

77

signatures as of the date hereof, although the original signature pages shall thereafter

be appended to this Agreement and filed with the Court.

/s/ _____

Michael A. Caplan, Esq.
CAPLAN COBB LLP
75 Fourteenth Street, NE, Suite 2750
Atlanta, Georgia 30309

*Plaintiffs' and Class Counsel*
*On behalf of the Class Plaintiffs, the*
*Settlement Class, and the Releasing*
*Parties*

/s/ _____

Josh Belinfante, Esq.
ROBBINS ROSS ALLOY BELINFANTE
LITTLEFIELD LLC
500 14th Street, NW
Atlanta, Georgia 30318

*Attorneys for Defendant*
*On behalf of GTL and the Released*
*Parties*

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| BENSON GITHIEYA, *et al.*, | CIVIL ACTION NO: |
| | 1:15-CV-00986-AT |
| Plaintiffs, | |
| | |
| v. | |
| | **ATTORNEY GUARANTY** |
| GLOBAL TEL LINK CORP., | |
| | |
| Defendant. | |

I, the undersigned, acknowledge and agree as follows:

I have read the Class Action Settlement Agreement ("Settlement Agreement") entered into between Plaintiffs Benson Githieya, Darlene Byers, the Estate of Nellie Lockett, Michelle Mendoza, Sarai Morris, Betty Davis, and Adrian Mohamed (collectively "Class Plaintiffs") and Defendant Global Tel*Link Corporation ("GTL") in the above matter and understand its terms. I acknowledge that, pursuant to Section VII(A)(iv) of the Settlement Agreement, any amount received by me as attorneys' fees and/or costs pursuant to the Settlement Agreement is subject to repayment to GTL in the event that the Settlement Agreement is terminated pursuant to Section XIV of the Settlement Agreement.

Pursuant to Section VII(A)(iv) of the Settlement Agreement, I will reimburse to GTL any and all sums received by me as attorneys' fees and costs pursuant to the Settlement Agreement no later than fourteen (14) days after the later of: (a) giving or receiving notice that the Settlement has been terminated or cancelled; or (b) the date any order reducing or reversing the award of attorneys' fees, expenses, and/or costs has become Final. By receiving any such sums, I submit to the jurisdiction of the United States District Court for the Northern District of Georgia for the enforcement of any and all disputes relating to or arising out of the reimbursement obligation set forth herein and in the Settlement Agreement.

By: _____

Date: _____