UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BENSON GITHIEYA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GLOBAL TEL LINK CORP., <br><br> Defendant. | CIVIL ACTION NO: <br> 1:15-CV-00986-AT |

### ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion") of the above-captioned case between Plaintiffs Benson Githieya, Darlene Byers, the Estate of Nellie Lockett, Michelle Mendoza, Sarai Morris, Betty Davis, and Adrian Mohamed (together, the "Class Plaintiffs") and Defendant Global Tel*Link Corporation ("GTL" or "Defendant") (the "Action") as set forth in the Parties' Settlement Agreement (the "Agreement," which memorializes the "Settlement"). *See* dkt. 326-1.

Having duly considered the filings made in connection with the Motion, **THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:**

1. The Court finds that it has jurisdiction over the Action and each of the Parties for purposes of settlement and asserts jurisdiction over the Class Plaintiffs and Defendant for purposes of considering and effectuating this Settlement.

2. Unless defined herein, all defined terms in this Order shall have the meanings ascribed to them in the Agreement.

3. Defendant does not oppose the Court's entry of the proposed Preliminary Approval Order.

4. This Court has considered all of the presentations and submissions related to the Motion and, having presided over and managed this Action, is familiar with the facts, contentions, claims, and defenses as they have developed in these proceedings, and is otherwise fully advised of all relevant facts in connection therewith.

## I. Preliminary Certification of the Settlement Class, Class Representatives, and Class Counsel

5. For purposes of settlement only, the Court finds that the prerequisites for a class action under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class Plaintiffs are typical of the claims of the

Settlement Class; (d) the Class Plaintiffs and their counsel have fairly and adequately represented and protected the interests of Settlement Class Members; (e) GTL has allegedly acted on grounds that apply generally to the Settlement Class, such that the non-monetary relief proposed in the Settlement is appropriate respecting the class as a whole; (f) the questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (g) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of settlement only, a Settlement Class defined as: All persons nationwide who (i) established and funded a prepaid account through GTL's interactive-voice response ('IVR') system and (ii) had a positive account balance that was reduced to $0.00 due to account inactivity for 180 days or less on or after April 3, 2011, and through and including October 6, 2021.

7. Specifically excluded from the Settlement Class are the following persons: employees of GTL and each of their respective immediate family members; Class Counsel; and the judges who have presided over the Action and any related cases.

8. Plaintiffs' Motion to Add Parties [Doc. 298] is **GRANTED**. Class Plaintiffs Benson Githieya, Darlene Byers, the Estate of Nellie Lockett, Michelle Mendoza, Sarai Morris, Betty Davis, and Adrian Mohamed are appointed as class representatives of the Settlement Class. The Court preliminarily finds that each of the Class Plaintiffs is similarly situated to Settlement Class Members and are therefore typical of the Settlement Class, and that they will be adequate class representatives.

9. This Court finds that the following counsel are experienced and adequate for purposes of these settlement approval proceedings and appoints them as Class Counsel: Michael A. Caplan, James W. Cobb, and T. Brandon Waddell of Caplan Cobb, LLP; James Radford of Radford & Keebaugh, LLC; Barry Goldstein and Linda M. Dardarian of Goldstein, Borgen, Dardarian & Ho.

## II. Preliminary Approval of the Class Settlement

10. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement for fairness, adequacy, and reasonableness. Based on that evaluation, the Court finds there is cause to believe that: (i) the Agreement is fair, reasonable, and adequate, and within the range of possible approval; (ii) the Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (iii) with

respect to the forms of notice of the material terms of the Agreement to Settlement Class Members for their consideration and reaction, that notice is appropriate and warranted.

11. Therefore, the Court preliminarily approves the Settlement as fair, reasonable, and adequate, subject to further consideration by the Court at the Fairness Hearing. The Settlement is sufficiently fair, reasonable, and adequate to warrant providing notice to the Settlement Class.

12. A Fairness Hearing shall be held before this Court on **Friday August 26, 2022 at 1:30 p.m**., at the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building, 2388 United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement is fair, reasonable, and adequate to the Settlement Class and should be finally approved by the Court; to determine whether a Final Approval Order approving the Settlement should be entered; to determine whether the plan for distribution of claims should be approved; to determine any amount of attorneys' fees, costs, and expenses that should be awarded to Class Counsel; to determine any amount of conditional case-contribution awards to be awarded to the Class Plaintiffs for their service as the class representatives for the Settlement Class; to hear any objections

by Settlement Class Members to the Settlement, claims process, any award of attorneys' fees, costs, and expenses to Class Counsel, or any conditional Case-Contribution Awards to the Plaintiffs; and to consider such other matters as the Court may deem appropriate. The Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. After the Fairness Hearing, the Court may enter a Final Approval Order in accordance with the Agreement that will adjudicate the rights of the Settlement Class Members (as defined in the Settlement) with respect to the claims being settled.

13.     Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court appoints for settlement purposes only Rust Consulting, Inc. ("Settlement Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth in the Agreement.

### III. Notice to Class Members

14.     Under Rule 23(c)(2), the Court finds that the content, format, and method of disseminating notice under the Settlement Class Notice Program, as set forth in the Motion, the Declaration of Tiffaney Janowicz filed on December 6, 2021, as well as the publication and social media notices filed on December 14, 2021, and the Settlement Agreement, is the best notice practicable under the

circumstances and satisfies all requirements provided in Rule 23 and due process. The Court approves such notice, and hereby directs that such notice be disseminated no later than 45 days following the entry of this Order,[1] in the manner set forth in the proposed Agreement and the Declaration of Tiffaney Janowicz, to Settlement Class Members under Rule 23(e)(1).

15. The Court approves the form of the Notices and Claim Form attached as Exhibits C, D, E, F, G, and H to the Declaration of Tiffaney Janowicz, dkt. 326-3. The Court expressly authorizes and instructs the Settlement Administrator to send the Reminder Notice, as provided in Section X.A.viii of the Agreement. The Court also directs that the Settlement Administrator **SHALL** permit claims to be completed and submitted online through an electronic claim form.

16. The Settlement Administrator shall send the CAFA Notice required by 28 U.S.C. § 1715 to the appropriate federal and state officials as identified in 28 U.S.C. § 1715(a) within 10 days after the Motion for Preliminary Approval is filed with the Court.

---

[1] Although the Agreement provides for notice no later than 28 days following preliminary approval, the parties advise the Court that the Settlement Administrator has requested 45 days to account for delays associated with securing the materials necessary to provide notice.

17. The Settlement Administrator will provide to Class Counsel no later than 21 days prior to the Fairness Hearing, a declaration reflecting that the Settlement Class Notice Program has been executed in accordance with the Settlement Agreement and Preliminary Approval Order, which will be filed with the Court.

18. Settlement Class Members who wish to either object to the Settlement or request to be excluded from it must do so by the Objection Date and Opt-Out Date of April 1, 2022 which are both 60 calendar days after the Notice Date. Settlement Class Members may not both object and opt out. If a Settlement Class Member submits both an Opt-Out Request and an Objection, the Opt-Out Request will be controlling.

19. To submit an Opt-Out Request, a Settlement Class Member must follow the directions in the Notice and send a compliant request to the Settlement Administrator at the address designated in the Class Notice by the Opt-Out Date. In the Opt-Out Request, the Settlement Class Member must state his or her full name, address, and telephone number, and must state in writing that he or she wishes to be excluded from the Settlement. No Opt-Out Request will be valid unless all of the information described above is included. No Settlement Class Member, or any person acting on behalf of or in concert or participation with that

Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class; however, nothing herein shall prevent Settlement Class Members from obtaining the assistance of another, such as a lawyer or family member, in preparing or submitting any individual Opt-Out Request.

20. If a timely and valid Opt-Out Request is made by a member of the Settlement Class, then that person will not be a Settlement Class Member, and the Agreement and any determinations and judgments concerning it will not bind the excluded person.

21. All Settlement Class Members who do not opt out in accordance with the terms set forth in the Agreement will be bound by all proceedings, orders, and judgments in the Action, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

22. To object to the Settlement, Settlement Class Members must follow the directions in the Notice and file a written objection with the Court by the Objection Date. In the written objection, the Settlement Class Member must state his or her full name, address, email address (if any), and the phone number(s) associated with the Settlement Class Member's AdvancePay Account(s) during the Class Period. An objecting Settlement Class Member must also clearly state in

detail the legal and factual ground(s) for their objection, and whether they intend to appear at the Fairness Hearing on their own behalf or through counsel. Any documents that the Settlement Class Member wishes the Court to consider must also be attached to the objection. If the Settlement Class Member is represented by counsel, the objection shall provide such counsel's name, address, telephone number, and e-mail address. No objection will be valid unless all of the information described above is included. Copies of all papers filed by Class Members filing objections on their own behalf must file their objection with the Clerk's Office of the United States District Court. Any objections with the Court will appear on the docket. The Parties will have the right to depose any objector as to the basis and circumstances of his or her objection and to assess the objector's standing.

23. Any response to an objection shall be filed with the Court no later than 7 days prior to the Fairness Hearing.

24. Any Settlement Class Member who fails to timely raise an objection to the Settlement or who fails to otherwise comply with the requirements for objections set forth in Section XII.A of the Agreement shall be foreclosed from seeking any adjudication or review of this Settlement.

25. Any attorney hired by a Settlement Class Member for the purpose of objecting to (a) the proposed Settlement, (b) the Attorneys' Fees, Expenses, and Costs award, and/or (c) the Case-Contribution Awards and/or who intends to make an appearance at the Fairness Hearing shall file with the Clerk of the Court and provide to the Settlement Administrator (who shall forward it to Class Counsel and Defendant's Counsel) a notice of intention to appear no later than the Objection Date or as the Court may otherwise direct.

26. The Settlement Administrator shall establish a post office box and email address in the name of the Settlement Administrator to be used for receiving Opt-Out Requests, Claim Forms, and any other communications from Settlement Class Members, and providing that only the Settlement Administrator, Class Counsel, Defendant's Counsel, the Court, the Clerk of the Court, and their designated agents shall have access to this post office box and email account, except as otherwise provided in this Settlement Agreement.

27. The Settlement Administrator shall also create and maintain the Settlement Website consistent with the terms of Section X.C of the Agreement, including that Class Members shall be permitted to submit Claim Forms, Opt-Out Requests, and any other communications to the Settlement Administrator via the Settlement Website. The Settlement Administrator shall make that Website

publicly available no later than 21 days after entry of the Preliminary Approval Order, and it shall be maintained until the conclusion of the Class Notice Period.

28.     Class Counsel shall file their Motion for an Award of Attorneys' Fees, Expenses, and Costs and Motion for Case-Contribution Awards to the Class Plaintiffs at least 14 days prior to the Objection Date.

29.     The Settlement Administrator shall provide the final Opt-Out List to Class Counsel and Defendant's Counsel no later than seven days after the Opt-Out Date, and then file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof, no later than five days thereafter or on such other date as the Parties or Court may direct.

30.     All Settlement Class Members are preliminarily enjoined from (i) filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitral, or other proceeding in any jurisdiction based on the Released Claims; (ii) filing, commencing, participating in, or prosecuting a lawsuit or administrative, regulatory, arbitral, or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; or (iii)

12

attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitral, or other proceeding based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims. Notwithstanding the foregoing, this provision, and any other provision of the Settlement Agreement, does not prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

31. Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed. If the Settlement is terminated or final approval does not for any reason occur, the stay will be immediately terminated.

32. If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or the Class Plaintiffs to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court. In such an event, the Parties will return to the status quo ante in the Action, and the certification of the Settlement Class will be deemed vacated. The certification of the Settlement Class for settlement purposes, or any briefing or materials submitted seeking certification of the

Settlement Class, will not be considered in connection with any subsequent class certification decision.

33. The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing, by Defendant, or the truth of any of the claims, and evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, and the Final Approval Order.

34. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Class.

35. Accordingly, the following are the deadlines by which certain events must occur:

| Event | Deadline |
|---|---|
| Settlement Administrator will publish the settlement website | January 7, 2022 |

| | |
|---|---|
| First Published Class Notice to be published in Prison Legal News | January 14, 2022 |
| Class notice mailed or emailed (as required by the Settlement Agreement) to individuals on the Class Notice List | January 31, 2022 (the "Notice Date") |
| Last day for Class Counsel to file Motion for Attorneys' Fees, Expenses, and Costs and Motion for Case-Contribution Awards | March 15, 2022 |
| Last day for Settlement Class Members to object or opt out of the Settlement | April 1, 2022 |
| Settlement Administrator will provide counsel for the Parties with a report on the Opt-Outs, as described in Section X.H of the Settlement Agreement | April 15, 2022 |
| Second Published Class Notice to be published in Prison Legal News | May 2, 2022 |
| Reminder Notice emailed to any individuals on the Class Notice List who have not submitted a Claim Form | May 2, 2022 (or within one week thereof) |
| Last day for Settlement Class Members to submit a Claim Form ("Claim Deadline") | May 31, 2022 |
| Settlement Administrator will provide counsel for the Parties with a report on the total number of notices send under the Settlement Class Notice Program | June 14, 2022 |
| Last day to file Motion for Final Approval of Settlement | 35 days prior to the Fairness Hearing |
| Settlement Administrator will provide Class Counsel with a declaration reflecting that the Settlement Class Notice Program was executed in accordance with the Preliminary Approval Order | 21 days before Fairness Hearing |
| Fairness Hearing | August 26, 2022 |

36. The Court shall maintain continuing jurisdiction over these proceedings for the benefit of the Settlement Class defined in this Order. As noted above, Plaintiffs' Motion to Add Parties [Doc. 298] is **GRANTED.**

**IT IS SO ORDERED** this 29th day of December, 2021.

_____
Hon. Amy Totenberg
United States District Court Judge